**DIGNOWITY et al. v. FLY et al. (No. 3372.)**

(Supreme Court of Texas. June 9, 1920.)

**1. Appeal and error ⬤⟾1191—Affidavit of poverty by wife alone held sufficient where husband was party pro forma.**

Rev. St. 1911, art. 1557, providing for issuance of mandate on the party against whom costs are adjudged on appeal making affidavit of inability to pay them or give security therefor, unless the clerk or a party controvert its truth, and satisfy the court, is satisfied, in the absence of timely objection, by affidavit of a party on behalf of herself and husband made a party pro forma, she also stating he was away in the army.

**2. Appeal and error ⬤⟾1191—Right to mandate held fixed under judgment of Supreme Court in mandamus to Court of Civil Appeals on filing of poverty affidavit.**

Relators under judgment of the Supreme Court in mandamus to the Court of Civil Appeals to issue mandate to the trial court, in a certain suit in which there had been a reversal, at any time within 12 months from the date of the judgment of the Supreme Court in that suit, on the payment of costs in that suit or the making of affidavit in lieu thereof, having become entitled to the mandate by seasonably filing such affidavit, and it not being contested within the 12 months, though filed more than 50 days before expiration thereof, their rights could not be defeated by the clerk, the adverse parties in the original suit, and the Court of Civil Appeals by means of a subsequent contest and hearing.

On motion to enforce judgment in mandamus suit. Writ issued.

For former opinion, see 210 S. W. 505.

W. W. King and J. D. Guinn, both of San Antonio, for relators.

Jos. Murray and Moody & Boyles, of Houston, for respondents.

GREENWOOD, J. On February 5, 1919, a judgment was rendered by this court awarding a writ of mandamus to Hallie B. Dignowity, Dorothy Currier, and Donald E. Currier, against the honorable Court of Civil Appeals of the Fourth Supreme Judicial District of Texas and the judges thereof, the clerk of the court, Hon. Joseph Murray, Imogene T. Hambleton, and the Southwest Texas Baptist Hospital, directing that a certain mandate be issued at any time within 12 months from the 6th day of February, 1918, upon the payment of court costs or upon the making of affidavit in lieu thereof. The grounds for the issuance of the writ are stated in the opinion of the court, reported in 210 S. W. 505.

When this judgment was entered there were already on file two affidavits of inability to pay the costs or to give security therefor. The affidavits were filed after the institution of the original proceeding for mandamus, and were not before us when our judgment was rendered. The affidavits were made by Hallie B. Dignowity and Dorothy Currier. Donald E. Currier, who was a party to the suit pro forma as the husband of Dorothy Currier, did not make an affidavit, but that of his wife covered his inability to pay the costs or to furnish security, and showed that his failure to join in the affidavit was due to his being at the time engaged in active service with the army of the United States.

It is not denied that the same effect should be given to affidavits already on file as to affidavits which might have been afterwards filed. The sufficiency of the affidavits to entitle the relators to the issuance of the mandate, under the previous order of this court, is challenged for only two reasons. The first is that Donald E. Currier did not join in the affidavits. The second is that under a contest of the affidavits, filed in May, 1919, by the clerk and by an adverse party, the Court of Civil Appeals adjudged that the averments of the affidavits were not true.

[1, 2] In our opinion, the affidavits substantially complied with article 1557 of the Revised Statutes, in the absence of objection thereto.

This conclusion is not different from that of the Court of Appeals in Crockett v. Maxey, 4 Willson, Civ. Cas. Ct. App. § 292, 18 S. W. 138. In that case the objection that the husband did not join appears to have been seasonably presented, and besides the affidavit of the wife did not show "that the husband, the necessary party to the suit, was unable to pay the costs or give security therefor." Here, as shown above, the wife did swear to the inability of her husband to pay or secure the costs, and she stated a good reason for swearing in his behalf to the facts, which she knew.

It thus appears that within 12 months from the 6th day of February, 1918, proper affidavits were filed of the relators' inability to pay the costs or to give security for same, to which no contests were made by the clerk or by any party before the expiration of said 12 months, notwithstanding the affidavits had been on file for more than 50 days. We do not think that the judgment of this court could be fully obeyed without the issuance of the mandate under the conditions existing after its rendition, and before the expiration of the 12 months from the date of refusal of the writ of error. The relators having become entitled to the mandate under that judgment, it was plainly beyond the power of the clerk, the parties

to the suit, and the Court of Civil Appeals to defeat the relators' right by means of a subsequent contest and hearing.

In order that our previous judgment may be executed, it is ordered that a writ of mandamus issue, directing the clerk of the Court of Civil Appeals to immediately issue the mandate applied for by relators, on the affidavits filed, and that the costs herein be taxed against respondent Imogene T. Hambleton.