## JOHN I. KANE CO. v. HEBRON. (No. 2167.)

Court of Civil Appeals of Texas. El Paso. Jan. 31, 1929.

Rehearing Denied Feb. 28, 1929.

Paul D. Thomas and Wm. Flournoy, both of El Paso, for appellant.

Davis, Tittmann, Roche & Miranda, of El Paso, for appellee.

PELPHREY, C. J. Appellee, an investor, entered into an agreement with appellant, a corporation engaged in the business of selling bonds. Appellee alleges that the agreement was that he was to temporarily take a bond issued by the Tennessee Terrace Hotel, Inc., and that later appellant would secure a Wichita Medical Arts Building bond and substitute it for the Tennessee bond. The Wichita bonds were never issued, and appellee brings this suit to rescind the contract, and prays for a return of the money paid by him to appellant at the time he received the Tennessee bond, and tenders the return of the Tennessee bond. The case was tried to a jury, and was submitted on the following special issue: "Do you find from a preponderance of the evidence that at the time the bond of the Tennessee Terrace Hotel Company was delivered by defendant to plaintiff, it was mutually agreed between plaintiff and C. H. Eckford, acting for and on behalf of John I. Kane Company, in consideration of plaintiff's purchase of said bond of the Tennessee Terrace Hotel Company for $1,018.15 that thereafter defendant would acquire a bond in the sum of a thousand dollars of the Wichita Medical Arts Building, and deliver same to plaintiff in lieu of said Tennessee bond then delivered?"

The jury having answered the issue in the affirmative, judgment was rendered in favor of appellee for $1,015.55, with interest from February 7, 1928. From that judgment, John I. Kane Company has appealed.

### Opinion.

Appellant presents numerous assignments and propositions thereunder, among them being one which complains of error on the part of the court in rendering judgment upon the verdict.

Appellee, as we understand his pleading, is seeking to rescind a contract for the purchase of a Wichita bond, and specifically alleges that his possession of the Tennessee bond was only temporary, refuting the idea that he ever purchased it.

On the other hand, appellant alleges that it sold the Tennessee bond to appellee, and denies that it ever agreed to repurchase same by exchange or otherwise, and alleges that th conversation Mr. Eckford had with appellee was solely based on a trade to be made and agreed upon in the future.

We have studied the pleadings with care, and can find in them no basis upon which to find the issue submitted. We therefore reverse the judgment, and remand the cause.

In view of another trial, we deem it unnecessary to discuss the other assignments further than to say that we think the pleadings, as a whole, show a state of facts to which the remedy of rescission is applicable. Reversed and remanded.