## HEBRON v. JOHN I. KANE & CO.
### No. 1324—5428.

Commission of Appeals of Texas, Section A.
March 12, 1930.

Davis, Tittmann, Roche & Miranda, of El Paso, for plaintiff in error.

Paul D. Thomas and William Flournoy, both of El Paso, for defendant in error.

SHARP, J.

George Hebron instituted this suit in the district court of El Paso county against John I. Kane & Co., and alleged that on or about the 12th day of January, 1927, Kane & Co. offered to Hebron a certain bond, No. 884, of Tennessee Terrace Hotel, Inc., in the sum of $1,000, with interest at the rate of 6½ per cent. per annum, and that he did not like the bond and refused to purchase same; whereupon Kane & Co. stated that they would have for sale a $1,000 bond, known as the Wichita Medical Arts Building bond, that would draw 6½ per cent. per annum, would be well secured and a safe investment, and that, if he (Hebron) would temporarily take said Tennessee Terrace Hotel, Inc., bond,

Kane & Co. would procure said Wichita Medical Arts Building bond and exchange same for the Tennessee Terrace Hotel, Inc., bond; whereupon Hebron paid to Kane & Co., for said Tennessee Terrace Hotel, Inc., bond, to be substituted by said Wichita Medical Arts Building bond, as soon as same could be procured by Kane & Co., the sum of $1,018.15 to cover the principal and accrued interest thereon, and thereafter held the bond awaiting Kane & Co.'s compliance with their contract, and received interest thereon until April 1, 1927.

Hebron further alleged that, though duly demanded, Kane & Co. failed and refused, and still fails and refuses, to substitute the Tennessee Terrace Hotel, Inc., bond with the Wichita Medical Arts Building bond; that, on account of said breach, he elects to rescind the contract and recover the money paid by him to Kane & Co. with interest, and furthermore tenders to Kane & Co. the Tennessee Terrace Hotel, Inc., bond, and prays to be put in statu quo, that is, that he recover of Kane & Co. his damage by reason of the premises in the sum of $1,000, with interest thereon from April 1, 1927, at the rate of 6½ per cent. per annum, until paid.

John I. Kane & Co. filed a general demurrer, general denial, and other special answers unnecessary to set out herein. The court submitted the case in one issue to the jury, which reads as follows: "Question No. One: Do you find from a preponderance of the evidence that at the time the bond of the Tennessee Terrace Hotel Company was delivered by defendant to plaintiff, it was mutually agreed between plaintiff and C. H. Eckford, acting for and on behalf of John I. Kane Company, in consideration of plaintiff's purchase of said bond of the Tennessee Terrace Hotel Company for $1018.15 that thereafter defendant would acquire a bond in the sum of a thousand dollars of the Wichita Medical Arts Building, and deliver same to plaintiff in lieu of said Tennessee bond then delivered. Answer yes or no." To which issue, the jury answered "Yes." The court entered judgment in favor of George Hebron against John I. Kane & Co. in the sum of $1,015.55, with interest thereon from February 7, 1928, at the rate of 6 per cent. per annum, together with all costs incurred. The case was appealed to the Court of Civil Appeals for the Eighth Supreme Judicial District at El Paso and was reversed. 14 S.W.(2d) 81. The Supreme Court granted the writ of error.

The pleadings and evidence in this case tend to show that George Hebron desired to purchase from John I. Kane & Co. a bond in the sum of $1,000, known as the Wichita Medical Arts Building bond, bearing interest at the rate of 6½ per cent. per annum, and that Kane & Co. did not have the bond at that

time, but assured George Hebron that they would later get the bond, and that Hebron agreed to accept temporarily a bond of the Tennessee Terrace Hotel, Inc., in the sum of $1,000, bearing interest at the rate of 6½ per cent. per annum, and that the Tennessee Terrace Hotel, Inc., bond would be later exchanged or substituted for the Wichita Medical Arts Building bond when same had been procured by John I. Kane & Co., and that George Hebron paid John I. Kane & Co. the sum of $1,018.15, which represented the interest and accrued interest on the bond, but that the Wichita Medical Arts Building bond was never issued, and that Kane & Co. was not in a position to fulfill that part of their agreement with reference to delivering to Hebron the bond in lieu of the bond he held of the Tennessee Terrace Hotel, Inc.; that George Hebron made demand of John I. Kane & Co. for the fulfillment of their part of the contract and agreement, whereby it had been agreed that the Wichita Medical Arts Building bond would be substituted for the Tennessee Terrace Hotel, Inc., bond, and John I. Kane & Co. never complied with that part of the agreement, nor were they in position to comply with same, and refused to accept the Tennessee Terrace Hotel, Inc., bond held by Hebron and return to him the money that he had paid for the Wichita Medical Arts Building bond.

■ Under the foregoing statement, we think that the buyer, George Hebron, had the right to the exercise of the option of remedies as between rescission and suit for damages. We think that the rule is well recognized that, when a contract or agreement has been entered into between buyer and seller, as above set forth, the buyer has the right to rescind the contract when there is a failure to deliver all contracted for or to perform any other term of the contract which is a condition precedent to the completion of the sale.

In the case of El Paso & S. W. R. Co. v. Eichel & Weikel (Tex. Civ. App.) 130 S. W. 922, 940 (writ of error refused), the court says: "When the obligation of performance by one party presupposes the doing of some act by the other party thereto, the neglect or refusal to perform such act not only dispenses with the obligation of performance by the other, but also entitles him to rescind."

In Black on Rescission and Cancellation (2d Ed.) § 196, p. 545, it is said: "It is a general rule that if a contract is entire and remains executory in whole or in part, and one party fails to perform what it is his duty to do under the contract, and the other party is not in default, the latter may rescind the contract. Thus, for example, when a contract for the sale of a chattel is broken by the failure of the vendor to deliver it, and the purchaser has paid the price in advance, he may elect to rescind the contract and recover the money advanced, with interest." See authorities cited under notes 2 and 3 thereunder.

■ It is evident from the pleadings in this case that George Hebron intended to rescind the contract or agreement made with Kane & Co. with reference to the purchase of the bond. and tendered the bond held by him temporarily to John I. Kane & Co. and demanded the money that he had paid therefor. The pleadings, in our opinion, support the issue submitted to the jury, and the judgment rendered thereon, and the Court of Civil Appeals erred in reversing and remanding this case for a new trial.

For the reasons above stated, we recommend that the judgment of the Court of Civil Appeals reversing and remanding this suit for a new trial be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.