**NEON SIGNS & SERVICE, Inc. v. HILL.**

No. 12454.

Court of Civil Appeals of Texas. Galveston.
July 24, 1952.

Rehearing Denied Oct. 9, 1952.

Massey, Hodges, Moore & Gates, Philip Gates, of Columbus, for appellant.

Miller & Rutta, J. M. Rutta, of Columbus, for appellee.

GRAVES, Justice.

Appellee instituted this suit in the District Court of Colorado County, Texas, for the cancellation of a contract for the purchase of an electric neon sign, by him, from Appellant, on the grounds, thus, in substance, set out in his petition:

"4. That although defendant's agent represented to and assured plaintiff, at the time of signing said proposed agreement, that defendant would prepare a new sketch, for approval of plaintiff, to show in greater detail the nature and character of the neon sign to be erected and installed, which agreement was made a part of said proposed contract in words, as follows: 'Prepare new sketch for approval', plaintiff alleges that defendant failed and refused to present said new sketch for approval by plaintiff, and thereby terminated said proposed contract, said agreement being conditional to the taking effect of said proposed contract; that such assurances, representations, and agreements to furnish said new sketch for the approval of plaintiff, were made by defendant's agent to induce plaintiff to sign said proposed contract; that defendant and its said agent had no intention to furnish said new sketch for approval by plaintiff at the time said proposed contract was signed by plaintiff, and which led plaintiff to sign said proposed contract; that all of the assurances and representations herein set out, made by defendant and its said agent, led plaintiff to execute said proposed contract, and he was deceived and misled thereby, to his damage as hereinafter alleged;"

Appellant, a corporation, filed its plea-of-privilege to be sued in Bexar County, Texas, alleging that, at all the times mentioned in its plea, it was not a resident of Colorado County, but was at all such times a resident of Bexar County, Texas.

In answer to such plea of the appellant, the appellee filed his controverting-plea, duly sworn to, claiming venue in Colorado County, Texas, under Subdivisions 7 and

23, of Article 1995, of our Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 7, 23.

With the issue of venue for the suit thus raised, the trial thereof was held before the court, without a jury, which resulted in a judgment overruling appellant's plea-of-privilege.

No demand was made for, nor were there any findings-of-fact or conclusions-of-law filed by the trial court.

In this Court, appellant presents this single Point-of-Error:

"This case should be reversed and rendered, because the evidence shows that—as a matter of law—appellee waived his ground, if any, to cancel the contract, and that he therefore had no cause-of-action.

"Statement

"It is undisputed and agreed by pleadings and stipulation that appellant, defendant below, is a corporation with its office and place of business in the City of San Antonio in Bexar County, Texas."

It cites these authorities as being in support of its contention: Hillman v. Graves, Tex.Civ.App., 134 S.W.2d 436; J. B. Colt Co. v. Head, Tex.Com.App., 292 S.W. 198; Lloyds Casualty Insurer v. McCrary, Tex. Sup., 229 S.W.2d 605; Powell v. Rockow, Tex.Com.App., 92 S.W.2d 437; Rogers v. Forth Worth Poultry & Egg Co., Tex.Civ. App., 185 S.W.2d 165; Rosenbaum v. Texas Bldg. & Mortg. Co., 140 Tex. 325, 167 S.W.2d 506; Tex.Jur., Vol. 7, Pages 944–945; and Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63.

The appellee replies to the appellant's quoted position in four counter points, the material substance of which is this:

(1) Appellant, having failed to furnish appellee, at Columbus, in Colorado County, where the alleged contract between the parties had been made, the "new sketch" to be attached to such contract, as alleged in his paragraph "4", quoted, supra, no enforcible contract, at all, remained between the parties; hence, the appellee was entitled to a cancellation of the one so declared upon by appellant;

(2) The appellee, having so alleged and proved a cause of action for the cancellation of the contract the appellant so declared upon, a cause of action arose in the county in which the suit had been so instituted for the cancellation thereof;

(3) The appellee, having alleged and proved that an actionable fraud had been committed by appellant in the county where the contract had been originally executed between the parties, in that appellant had never intended to comply with its agreement to so furnish the appellee with a "new sketch", Subdivision 7 of the Revised Civil Statutes, Art. 1995, was violated;

(4) No findings, either of fact or law, having been either requested or filed by the trial court, the conclusive presumption, in this Court, is that the evidence fully supported the trial court's refusal of the plea of privilege.

The appellee cites many authorities as in support of these counter points, the leading ones of which are these: 10 Tex. Jur., p. 396, No. 225; Camp v. Film Advertising Corp., Tex.Civ.App., 159 S.W.2d 939; American Slicing Mach. Co. v. Vincent, Tex.Civ.App., 279 S.W. 317; Unique Illustrating Co. v. Withers, Tex.Civ.App., 33 S.W.2d 1074; 37 Tex.Jur., p. 524, Sec. 239; Hebron v. John I. Kane & Co., Tex. Com.App., 25 S.W.2d 330; Browning-Ferris Mach. Co. v. Thomson, Tex.Civ.App., 58 S.W.2d 183; Handy v. Roberts, Tex. Civ.App., 165 S.W. 37; Ed Friedrich Sales Corp. v. Deitrick, Tex.Civ.App., 134 S.W.2d 760; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Tatum v. Orange & N. W. Ry. Co., Tex.Com.App., 245 S.W. 231; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472; 20 Tex. Jur., Sec. 16, p. 33, and Sec. 110, p. 162.

Obviously, it is thought, the trial court's order overruling the plea of privilege may not be disturbed; appellant's presentments and its authorities seem, to this Court, to go more to the question of whether or not, under the facts, as developed, as upon a

trial upon the merits, the appellee had any cause of action for a recovery of any damages claimed by him, on the ground that he had waived the right thereto. That question is not before the Court upon this appeal from the mere order overruling appellant's plea of privilege to be sued in the county of its residence, which affected the venue of the suit, only, and not the question of liability therein upon the merits of a trial on the facts.

Without extended discussion, the judgment upholding the venue of the suit in Colorado County will be affirmed.

Affirmed.