## McDONALD v. PEEBLES.

### No. 10214.

Court of Civil Appeals of Texas.

Austin.

April 7, 1954.

C. S. Farmer, Waco, for appellant.

E. T. Simmang, Jr., Giddings, for appellee.

HUGHES, Justice.

This is a venue case in which appellee, Robert L. Peebles, Jr., sued M. J. McDonald for $2557.10 actual damages and $5000 exemplary damages, such suit and claim arising out of the sale of 46 head of cattle by appellee to appellant.

Appellee operated a livestock auction under the name of Lexington Livestock Auction of Lexington, Lee County, Texas. On August 8, 1953, appellant appeared at appellee's auction in Lexington and was the successful bidder for 46 head of cattle, the amount bid being $2537.10. Drawing $20 in cash from appellee a check was given by appellant on the Citizens State Bank of Frost, Texas, for $2557.10 in payment of the cattle and repayment of the $20.

This check was deposited by appellee in a Lexington bank in due course of business and it reached the Frost bank on which it was drawn on August 8, 1953. The check was not paid because appellant had directed the Frost bank to stop its payment.

Upon being informed that payment of this check had been stopped appellee called appellant on the telephone and the following conversation ensued:

"A. I (appellee) asked him why he stopped payment of the check and he said he was trying to get even—get a settlement out of Tom; I told him Tom didn't have anything to do with this business, he was just working for me. He said, 'Well, he hated to do it that way, but he was going to'. I said, 'Well, I hate to do what I'm going to do, but I have got it to do.'"

The "Tom" referred to in this conversation was Tom S. Peebles whose relationship, if any, to appellee is not shown. It is shown, however, that a district court in Travis County had appointed a receiver of the assets of Tom S. Peebles and that such receiver had sold to appellee for $10,000 cash the Lexington Livestock Auction business and property formerly owned and operated by Tom S. Peebles.

Appellant attempted to prove that Tom S. Peebles was indebted to him but this evidence was excluded.

Appellant received and kept the 46 head of cattle purchased by him. He has not paid for the cattle nor has he repaid the $20 cash received by him although he tendered appellee a check dated 8/12/53 for $559.02 "in full and final payment of 46 head of cattle bought from Lexington Livestock Auction August 8, 1953, and all other debts, claims and obligations," which check was not accepted by appellee.

Appellant has two points the first of which is that the court erred in overruling an exception to a certain paragraph of appellee's controverting affidavit. The exception was that the allegations referred to "are merely conclusions of the pleader, and are insufficient." This exception is too general in view of Rule 91, Texas Rules of Civil Procedure, which requires a special exception to point out intelligibly and with particularity the alleged fault in the pleading.

Appellant's other point is that the evidence was insufficient to establish venue

478

facts under either Sections 7 or 9 of Art. 1995, Vernon's Ann.Civ.St., these being the exceptions to the general venue statute upon which appellee relies.

We need only notice Section 7 which provides that venue may be laid in cases of fraud in the county in which the fraud was committed.

The evidence, analyzed above, is sufficient, if not conclusive, to support the implied finding of the trial judge that at the time appellant bought the cattle and gave his check to appellee that he had no intention of paying it. This is fraud which was committed in the county of suit. Waller Peanut Co. v. Lee County Peanut Co., 209 S.W.2d 405, by this Court, is a case directly in point.

The judgment of the trial court is affirmed.