**B. J. ATKINS, Appellant,**

v.

**James M. WILLIAMSON, Receiver of Lloyds Fire & Casualty Assurance, Appellee.**

**No. 10607.**

Court of Civil Appeals of Texas.

Austin.

Jan. 21, 1959.

Rehearing Denied Feb. 11, 1959.

B. J. Atkins, Fort Worth, for appellant.

Black & Stayton, Thomas Black, Austin, for appellee.

ARCHER, Chief Justice.

This is a suit filed in the County Court at Law of Travis County, Texas, by the Receiver of Lloyds Fire & Casualty Assurance against B. J. Atkins, a former agent or substitute attorney for the company, seeking to recover the balance of appellant's agency account with the company in the alleged amount of $344.59. After a full trial before a jury, the court "withdrew from the jury all issues relating to the base account exhibited by plaintiff in his First Amended Original Petition and ruled as a matter of law that said account truly and correctly constitutes a balance of $344.59 owed by defendant to plaintiff, subject to all lawful credits and offsets to which defendant may show himself entitled by virtue of his defenses."

Several defensive issues were then submitted to the jury and were decided adversely to appellant. Judgment was accordingly entered awarding the appellee a recovery against appellant in the amount of $344.59, plus interest and costs.

The appeal is based on four points assigned as error by the court: in overruling Special Exceptions made by defendant; in withdrawing from the jury all issues concerning the account as plead because the account is incorrect, and there are questions of fact to be determined by a jury; in overruling a plea of limitations, in that the cause of action arose more than two years prior to the institution of the suit, and that any claim, as shown by the First Amended Original Petition, arose more than four years prior to the filing of the suit.

Appellee makes counterpoints to the effect that the accounts as plead gave appellant fair notice of the matters to be proved, and that the special exceptions were too general; that all issues as to the mathematical correctness of the account were proved as a matter of law; that the account is not barred by the two year statute of limitation because the suit is founded on a contract in writing; and that the four year statute of limitation is not applicable because the cause

of action was timely filed in the District Court and refiled in the County Court within sixty days after its dismissal from the District Court.

Appellant's special exception as set out in paragraph 10 of the First Amended Original Answer charges that appellee's petition "is wholly insufficient upon which to base the relief sought or any part thereof." In paragraph VIII complaint is made of paragraph 4 of the petition because "the statements contained therein are evidentiary, argumentative, inflammatory, irrelevant, immaterial and improperly framed to prejudice this defendant before a jury; further, that the allegations of an account are excessively vague, general and the conclusions are of the pleader and do not give the defendant fair notice."

Paragraph 4 of the petition alleges that appellant collected from policyholders premiums and commissions in the amount of $344.59 as listed in the sworn account attached, and that said amount is held by appellant as trustee for the company.

Paragraph 5 alleges in the alternative that whether appellant collected the premiums or not he owes the company the stated amount by virtue of the provisions of his contract with the company and refers to the sworn account.

In the sworn account there is the misuse of the words "Return Premiums" instead of "Return Commissions." Appellant was not charged the larger amounts appearing in the mislabeled column, but for the total of the figures appearing in the column "Return Premiums."

The special exceptions were general and did not point out in the particular pleading excepted to the defect, omission, etc., but were only general in nature.

■■ The burden was on the appellant to meet the requirements of Rule 434, Texas Rules of Civil Procedure. This he has not done. Then too, appellant has not met the provisions of Rule 91, T.R.C.P. 2 McDon-

ald, Texas Civil Practice, Sec. 7.19; McDonald v. Peebles, Tex.Civ.App., 267 S.W.2d 476.

■ We do not believe that the court erred in withdrawing all issues from the jury as to the mathematical correctness of the account, because such issues were proved as a matter of law.

There is no question but what appellant is liable for the amount of premiums and return commissions on the policies involved, and the amounts were mathematically correct, and that there are no legal offsets existing by virtue of the defenses claimed by appellant. The questions of any offsets or of damages were submitted to the jury which found in response to issues adversely to appellant.

■ We believe that the court was correct in its holding that the suit was not barred by the two year statute of limitation, Vernon's Ann.Civ.St. art. 5526, because the account is founded on a contract in writing.

■ Appellee pleaded that appellant entered into a written contract with Lloyds Fire & Casualty Assurance, etc., a copy being attached to the pleading, and that the account sued on accrued against appellant pursuant to his agreement, and under the terms of his agreement appellee as receiver is entitled to rely upon appellant's contract with the company. Arnold v. Wheeler, Tex. Civ.App., 304 S.W.2d 368, er. ref., N.R.E.

■ We do not believe that the suit is barred by the four year statute of limitation because it was filed in the District Court timely and refiled in the County Court within sixty days after its dismissal from the District Court.

The suit was filed in the District Court on September 12, 1955, by appellee against appellant. On March 8, 1957, a hearing was had on a plea to the jurisdiction, and the plea was sustained and the cause dismissed without prejudice to plaintiff to refile the cause in a court of competent jurisdiction.

This cause was filed in the County Court on March 8, 1957, the same day it was dismissed by the District Court, and the oldest item sued upon occurred not earlier than February, 1953, and therefore was within the provisions of Articles 5527 and 5539a, Vernon's Ann.Civ.St.

■ The burden of proving any defensive offsets against the base account was properly placed upon appellant as were his claims for damages. Rule 272, T.R.C.P.

The judgment of the Trial Court is affirmed.

Affirmed.