George W. BICHSEL, Appellant,

v.

Jess F. HEARD, Appellee.

No. 13538.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 30, 1959.

Rehearing Denied Oct. 28, 1959.

On Motion for Contempt Nov. 2, 1959.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellant.

Porter, Madalinski & Mondin, San Antonio, for appellee.

BARROW, Justice.

This is a suit for a permanent injunction against the Chief of the San Antonio Police Department, George W. Bichsel, to restrain him from enforcing his order to a member of the said Police Department, Patrolman Jess F. Heard, to submit himself to a polygraph examination. The case was tried on its merits and judgment rendered permanently enjoining the Chief of Police from enforcing any order requiring Heard to submit himself to a polygraph examination. This appeal is from that judgment.

Appellant bases this appeal upon two points:

"The trial court erred in ruling that the Chief of Police does not have the power and authority to order a policeman to submit to a polygraph examination.

"The trial court erred in enjoining the Chief of Police from enforcing his order to appellee to submit to a polygraph examination because appellee had an adequate remedy at law under the provisions of Article 1269m, V.T.C.S."

The pertinent facts are as follows:

Jess F. Heard, appellee herein, is a member of the San Antonio Police Department. An incident arose involving a question as to appellee's conduct, which conduct the record does not disclose. On or about July 9, 1959, the Chief of Police, George W. Bichsel, requested Heard to submit to a polygraph examination concerning the incident in question. Heard refused. Thereafter, he was ordered in writing to take the polygraph examination. When so ordered, he requested time to discuss it with his attorney and was given twenty-four hours to do so. Appellee's attorney notified the Chief of Police that appellee would not take the polygraph examination, and this suit followed.

Under the view we take of the case, we need not consider appellant's first point. Our decision of the second point disposes of the case.

■ As a general rule a contract of employment may be terminated at the will of either party, unless the contract provides for a specific period. 29 Tex.Jur. 17, Master and Servant, § 7.

It is the contention of appellant, that under the provisions of Art. 1269m, Vernon's Ann.Civ.Stats., even if it be conceded that he did not have the authority to suspend or discharge appellee for refusing to obey the order involved, nevertheless, the provisions of said article afford appellee an adequate remedy at law. Appellee contends that the order is not lawful and

violates his constitutional rights, and that, notwithstanding the remedy provided, he is entitled to resort to the injunctive power of the court to restrain the enforcement of the order.

■ We believe appellant's second point is well taken and should be sustained. An injunction will not lie where there exists a plain, complete and adequate remedy at law. Hill v. Brown, Tex.Com.App., 237 S.W. 252. Under § 16 of Article 1269m, the Chief of Police is not authorized to suspend, temporarily or indefinitely, an officer or employee under his supervision, except upon compliance with the provisions of the statute. The Act makes careful provision for the disposition of disciplinary cases quickly and fairly. Authority is given the Chief of Police to suspend any officer or employee under his supervision for violation of the civil service rules, "but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the (Civil Service) Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act." Within ten days the suspended officer or employee may appeal to the Commission. If he so appeals, the Commission holds an inquiry and determines whether the suspended employee shall be permanently or temporarily dismissed or restored to his former position. The statute requires that the appeal be heard and decision rendered within thirty days.

If the Commission upholds the suspension or dismissal by the Chief, provision has been made for the filing of a suit in the district court for a judicial review of the Commission's decision. The Legislature has directed that this suit be filed within ten days after the decision of the Commission, and that the appeal be advanced on the district court's docket and be given a preference setting over all other cases.

If the Commission, the district court, or the appellate court finds that the officer or employee has been unlawfully suspended, he is paid all of his back salary and longevity, and is entitled to such leave, injury and sick time benefits as accrued during his unlawful suspension.

■ Appellee relies upon and contends that injunctive relief is proper under the provisions of Article 4642, §§ 1, 2 and 3, Vernon's Ann.Civ.Stats., notwithstanding the provision of Article 1269m, supra. This contention cannot be sustained. In Hill v. Brown, Tex.Com.App., 237 S.W. 252, 255, the Court said:

"We do not think it was the intention of the Legislature in the enactment of the injunction statutes above set out to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law."

The Legislature in the passage of Article 1269m, has provided for the permanent status of employment of firemen and policemen, subject to the provisions of the Act. It has provided the exclusive method for the suspension and discharge of such employees, and has provided for full protection of the rights of such employees. If, as contended by appellee, the order of the Chief of Police is illegal or void, or violates the provisions of the statute or any of appellee's constitutional rights as a citizen and policeman, the Act affords him a full, complete, adequate and speedy remedy. We are of the opinion that the remedy is exclusive.

Appellee seeks to bring the case within the Declaratory Judgments Act, Art. 2524, Vernon's Ann.Civ.Stats., and contends that he is entitled to a declaratory judgment on the validity of the Chief's order, and contends that he is entitled to a suspension of its enforcement pending such action.

■ We overrule such contention. The Declaratory Judgment Act was not intended to place upon the courts the onerous burden of issuing advisory opinions in advance on the routine orders of a chief of police before they are enforced. To hold otherwise would be to destroy the effective operation of the Police Department. Moreover, such procedure would have the effect of by-passing and rendering ineffective and useless the provisions of Art. 1269m, Vernon's Ann.Civ. Stats.

We have heretofore expressed our views on the function and applicability of the Declaratory Judgments Act. Puretex Lemon Juice, Inc. v. California Products, Inc., Tex.Civ.App., 324 S.W.2d 449. It is our opinion that the court erred in granting the injunction.

The judgment is reversed and here rendered dissolving the injunction.

On Appellee's Motion for Contempt.

MURRAY, Chief Justice.

On October 12, 1959, Jess F. Heard, appellee, filed a motion styled "Motion for Contempt and Application for Stay Order." The Motion, being No. 19610, was set for a hearing in this Court on October 28, 1959. Thereafter, on October 26, 1959, appellant, George W. Bichsel, Chief of Police of the City of San Antonio, Texas, filed his reply to such motion, and arguments were heard on October 28, 1959.

The motion for contempt alleged that there was pending in this Court an appeal from a judgment of the District Court of Bexar County, Texas, granting a permanent injunction restraining George W. Bichsel from enforcing an order made by him directing appellee to go to Austin, Texas, and submit to a polygraph examination concerning a matter wherein appellee's truthfulness was involved, and that appellant had violated this injunction in that on October 2, 1959, appellant ordered

appellee to go with a superior officer to Austin, Texas, and submit to a polygraph examination.

On September 30, 1959, we handed down our opinion in this case reversing the action of the trial court in granting the injunction and rendered judgment dissolving it. On October 12, 1959, appellee filed his motion for rehearing, which was by this Court overruled on October 28th, the same day this contempt hearing was had.

The question here is, Does this Court have the power and is it our duty to punish a party for violating an injunction which this Court has dissolved? Rule 434, Texas Rules of Civil Procedure, provides that when we reverse a judgment of a trial court we shall proceed to render such judgment or decree as the court below should have rendered, unless for certain reasons this cannot be done. So there can be no doubt about our authority to dissolve the injunction without the necessity of remanding the case to the trial court and ordering that court to dissolve the injunction.

Thus we come to a further question, as to whether our judgment of September 30th had such finality as would justify the appellant in proceeding contrary to the injunction. When our judgment was entered on September 30, 1959, without providing for any further restraining order, it had the effect of instantly dissolving the injunction, although appellee had a right to file a motion for rehearing and, if this was overruled, then to apply for a writ of error to the Supreme Court of Texas. If we had desired, we could have so worded our judgment, or added a saving clause thereto, which would have prevented it from becoming instantly effective.

The above rule undoubtedly applies where the injunction appealed from is a temporary injunction. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364;

372; Rhoton v. Texas Land & Mortgage Co., Tex.Civ.App., 80 S.W.2d 763; Duncan v. Boyd, Tex.Civ.App., 288 S.W. 281; Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 86 F.2d 727. We can see no reason why the same rule should not apply to permanent injunctions. If the trial judge had dissolved the injunction on a motion for rehearing appellant could have proceeded to order the polygraph examination without fear of contempt of court, even though such action of the trial court would be subject to appeal. Likewise, when we have rendered the judgment which the trial court should have rendered it is instantly effective, even though the right to file a motion for a rehearing and the right to apply to the Supreme Court for a writ of error exists. The situation is no different than if the trial court had refused the injunction in the first place.

We are aware of the fact that our judgment lacks finality in some respects, until the party has an opportunity to file a motion for rehearing and, if overruled, the further right to apply for a writ of error to the Supreme Court, and until that Court has had an opportunity to review our judgment, if a writ of error is granted. Dignowity v. Fly, 110 Tex. 613, 210 S.W. 505, 223 S.W. 165; John F. Grant Lumber Co. v. Bell, Tex.Civ.App., 302 S.W.2d 714; Johnston v. Stinson, Tex.Civ.App., 233 S. W.2d 151; Huntress v. State, Tex.Civ. App., 95 S.W.2d 974; Houston, E. & W. T. R. Co. v. Jackson, Tex.Com.App., 299 S.W. 885. It is also true that when the cause is removed from the trial court to this Court, the trial court has no further jurisdiction of the matter until our mandate issues and is received by the trial court, but this does not mean that when we have reversed the judgment of the trial court and rendered judgment dissolving the injunction we should still give effect to the order of the trial court in a hearing in this Court for a violation committed after it had been dissolved.

To punish appellant for contempt under the circumstances that exist here would be to punish him for taking for granted that we meant just what we said when we stated that the injunction was dissolved.

We find the appellant not guilty of contempt, and the application for a stay order is accordingly refused.