Dan H. **MADELEY**, Appellant,

v.

Elmer M. **OUALLINE**, Appellee.

No. 7124.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 18, 1969.

Hopkins & Alworth, McClain & Harrell, Conroe, for appellant.

Brackeen & Pennington, Houston, for appellee.

KEITH, Justice.

The appeal is from an order overruling defendant's plea of privilege to be sued in Montgomery County. Oualline brought suit against Madeley to compel specific performance of an alleged contract to convey certain real property situated in Harris County. Madeley's plea of privilege, in proper form, was duly filed and was controverted by plaintiff, who incorporated his original petition therein by reference and swore that the allegations therein were true. He relied upon exception 14 to sustain venue in Harris County.

Thereafter, and before the hearing on the plea of privilege, plaintiff filed his first amended, second amended, and third amended original petitions, in the latter two of which he joined new parties and sought, in addition to the specific performance against the original defendant, a partition of the land. He also filed an amended controverting plea in which he incorporated his *original* petition, not his third amended original petition then on file. This was followed by a paragraph invoking subdivisions 13 and 14 of Article 1995, Vernon's Ann.Civ.St., which we quote in the margin.* The controverting affidavit did not contain any factual allegations relied upon by plaintiff to sustain venue, the only reference being to the original petition. As we have pointed out, this original petition was solely for specific performance and made no reference to partition of land.

* "Such allegations show and aver, and it is a fact, that this is a suit for the recovery of land which lies and is situated in Harris County, Texas, and is an exception under Article 1995, No. 14, of the Texas Civil Statutes under which exception such suits must be brought in the County where the land is situated, and this is also a suit for partition of land and is an exception under Article 1995, No. 13, of the Texas Civil Statutes, under which exception such suits may be brought in the County where the land is situated."

Upon the hearing no evidence was introduced and the order from which the appeal is taken contains this recitation:

"The Court, sitting without the aid of a jury, and after having read the First Amended Plea of Privilege of Dan H. Madeley, and Plaintiff's First Amended Controverting Plea, and hearing argument of counsel, and the Court being fully advised, and being of the opinion that the First Amended Plea of Privilege, as filed herein by the Defendant, Dan H. Madeley, should be in all things overruled.

"It is accordingly ORDERED * * * [etc.] * * *"

■ The plea of privilege, being in statutory form, placed the burden on plaintiff to "file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending." Rule 86 Texas Rules of Civil Procedure. The only facts specified in the controverting plea were those contained in the *original* petition, a simple suit for specific performance of a contract to convey land.

■ We note in passing that the law is well settled that a suit for specific performance of a contract for the sale of land is not within exception 14 of Article 1995. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441, 444 (1949); Corpus Christi Hardware Co. v. Farrar, 417 S.W.2d 479, 481 (Houston Tex.Civ.App., 1967, no writ).

Defendant now contends that it was error for the trial court to overrule his plea of privilege since the plaintiff had failed to plead in his controverting plea the facts which would have sustained venue in Harris County. We sustain this contention. Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, 392 (1938); A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939). In Leonard v. Maxwell, 365 S.W.2d 340, 343 (Tex.Sup., 1963), the Court considered the line of cases just noted, and quoted extensively from both *Jefferies* and *Belo*. We reproduce the quotation from *Belo* found in *Leonard*:

"In other words, it is necessary, in order to comply with Article 2007 [now Rule 86 T.R.C.P.], that the *plaintiff in his controverting affidavit to such plea of privilege must allege, either in the controverting affidavit or by a specific reference to and adoption of allegations in his petition,* sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained." (365 S.W.2d at 343, quoting from 129 S.W.2d at 622, bracketed matter inserted, but emphasis by the Supreme Court.)

In his brief, plaintiff makes the following contention:

"Upon consideration of the Pleadings *in the file* and of the Pleas of Privilege of the various Defendants, the trial Court properly ruled that this was a suit for partition of land, coming within Exception 13 of 1995 V.A.T.S., and the Plea of Privilege of Dan H. Madeley was denied * * *" (Our emphasis.)

■ Upon this hearing on the plea of privilege, the Court was not permitted to consider the "pleadings in the file", as plaintiff contends, but was confined to the facts stated in the controverting plea. Pelton v. Powell, 196 S.W.2d 46, 47 (Ft. Worth Tex.Civ.App., 1946, no writ); Beasley v. Barshop, 352 S.W.2d 927, 928 (San Antonio Tex.Civ.App., 1961, no writ), and authorities therein cited.

The only venue *fact* tendered by the controverting plea was that of specific performance as set out in the original petition. The trial court was confined to a determination of the issue so tendered; and, as we have pointed out, venue could not be maintained upon the fact so presented by the original petition. It was error, consequently, to overrule the plea of privilege.

The judgment of the trial court is reversed and the cause remanded to the trial

court with instructions to transfer the suit as to the appellant, Dan H. Madeley, to the District Court of Montgomery County, Texas. Corpus Christi Hardware Co. v. Farrar, supra.