GREAT AMERICAN MORTGAGE
INVESTORS, Appellant,

v.

REPUBLIC OF TEXAS SAVINGS
ASSOCIATION, Appellee.

No. 1371.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 28, 1976.

Appellee's Rehearing Denied June 9, 1976.

Appellant's Rehearing Granted June
9, 1976.

Appellee's Second Rehearing Denied
June 30, 1976.

Clarence Mayer, Dan Trachtenberg, Lapin, Totz & Mayer, Houston, for appellant.

J. Eugene Clements, David Speed Elder, Sewell, Junell & Riggs, Houston, for appellee.

Roger R. Wright, Jr., Houston, for defendant Liberty Bank (did not appeal).

CIRE, Justice.

This is an appeal from an order granting a temporary injunction. Suit was brought by appellee Republic of Texas Savings Association (Republic) against Liberty Bank and appellant Great American Mortgage Investors (Great American), seeking a declaratory judgment and injunctive relief.

The suit concerns an "Unconditional Note Purchase Agreement" executed by appellee in favor of Liberty Bank, in which Republic promised to purchase, on or before January 18, 1975, a note owned by Liberty Bank. The maker of the note was Forest Cove Development Company; the note was made payable to Liberty Bank, dated January 20, 1972, and secured by a deed of trust on certain real property. Great American and Liberty Bank entered into a loan participation agreement by which Great American advanced 97½% of the loaned amount and obtained control over decisions affecting the loan transaction. Forest Cove Development Co. defaulted almost immediately, and the note is still in default.

On January 10, 1975 Great American informed Republic that Great American intended to enforce the note purchase agreement. Republic refused to purchase the note. On November 4, 1975 Liberty Bank published notice that the note and deed of trust were to be sold at public auction on the courthouse steps on December 2, 1975. Republic then filed suit in district court against Liberty Bank and Great American, seeking a declaratory judgment determining the rights and obligations of the parties under the loan purchase agreement. Republic's request for a temporary injunction preventing Great American and Liberty Bank from selling the note and deed of trust pending trial on the merits was granted. Great American has appealed.

Republic has taken the position in its suit for declaratory judgment that it is legally prevented from performing under the loan purchase agreement, but that if the court determines at trial on the merits that Republic is in fact obligated to purchase the note, it will do so. The object of the temporary injunction is to prevent Great American and Liberty Bank from selling the note to a third party until it is determined whether Republic must buy it. Great American, on the other hand, asserts that Republic has breached the loan purchase agreement, and that Great American is therefore entitled to sell the note and deed of trust.

The rights and obligations of the parties under the loan purchase agreement are not at issue. The only issue before this court is whether the trial court abused its discretion in determining that Republic has a probable right which will be subjected to a probable and irreparable injury, for which Republic would have no adequate remedy at law, if Great American is allowed to proceed with the sale of its 97½% interest in the note. Republic asserts it has a right under the loan purchase agreement to purchase the note and deed of trust, if so ordered by the court, and that this right will be destroyed by the sale of the note.

Even if Republic still has such a right, we are unable to see how the probable damage claimed by Republic will be irreparable, or why its legal remedy for any such damage is insufficient. Republic asserts the note will probably be sold for an amount far below its face value, allowing Great American to recover an unreasonably large amount of damages if Republic is later held to be liable for breach of the loan purchase agreement. If Republic is held liable for breach of the contract, Great American's damages for the breach will be measured according to the general contract principle that the non-breaching party

should recover its actual loss resulting from the breach. *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484 (1952). This may, but not necessarily will, be measured by the difference between the face value of the note and its fair market value either at the time it is sold or at the time of the breach. In any case, the price at which Great American sells the note will not conclusively establish its fair market value. *Compare P. G. Lake, Inc. v. Sheffield,* 438 S.W.2d 952, 956 (Tex. Civ.App.—Tyler 1969, writ ref'd n. r. e.) *with R. G. McClung Cotton Co. v. Cotton Concentration Co.,* 479 S.W.2d 733 (Tex.Civ. App.—Dallas 1972, writ ref'd n. r. e.). In any subsequent suit by Great American against Republic for damages under the contract, Republic will have the opportunity to establish its allegations that the sale was fraudulently or unreasonably conducted, and to offer evidence of the actual or reasonable market value of the note, thereby accurately fixing the amount of its liability. We find nothing in the record which indicates this legal remedy will not adequately compensate Republic for any harm done by the sale. As the situation now exists, the risk of loss is balanced between Great American and Republic. If, as Republic alleges will happen, the sale is conducted in such a manner as to produce an unreasonably low sales price, then the resulting loss will be sustained by whichever is the losing party in the subsequent trial.

Since there was no showing of any probable harm to Republic for which there is no clear, full, and adequate relief at law, the temporary injunction was erroneously granted. *Storey v. Central Hide & Rendering Co.,* 226 S.W.2d 615, 619 (Tex.Sup.1950). The judgment of the trial court is reversed, and judgment is here rendered that the application of Republic of Texas Savings Association for a temporary injunction against Great American Mortgage Investors is denied.

Reversed and rendered.

## ON MOTION FOR REHEARING

Great American requests that we dissolve the injunction as it applies not only to Great American, but also to Liberty Bank. Great American asserts that, even though Liberty Bank did not appeal the trial court's judgment, the interests of the two parties are so intertwined that complete relief cannot be afforded to Great American unless the injunction is dissolved in its entirety. We agree.

■ Although the loan participation agreement between Great American and Liberty Bank was not made a part of the record, its existence was admitted in Republic's pleadings. Since Great American retains both a 97½% interest in the note and also the managerial control of transactions involving the note, we feel that full and effective relief cannot be granted unless the injunction is also dissolved as to Liberty Bank, who is both the record owner and holder of the note and also the party to the note purchase agreement. *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610, 613 (1948); *Bates v. First National Bank,* 502 S.W.2d 181 (Tex.Civ.App.—Waco 1973, no writ); *see Truck Drivers Local 941 v. Whitfield Transportation, Inc.,* 154 Tex. 91, 273 S.W.2d 857 (1954).

Republic has requested that our judgment be superseded and suspended pending its application for writ of error to the Supreme Court of Texas and, if granted, until the supreme court has had an opportunity to review our judgment. Great American at first acquiesced to this request, asking only that an adequate supersedeas bond be set by this court. Great American has now filed a supplemental brief in which it seems to indicate it is now opposed to our setting a supersedeas bond.

We find no authority for the granting of Republic's request other than the language in *Bichsel v. Heard,* 328 S.W.2d 462 (Tex. Civ.App.—San Antonio 1959, no writ), in which the court stated, at page 466:

If we had desired, we could have so worded our judgment, or added a saving clause thereto, which would have prevented it from becoming instantly effective.

We agree with the logic of the *Bichsel* case. To hold otherwise could, in a case such as this, render the appeal moot prior to final adjudication on appeal. We have elected to exercise our equitable powers and order that, upon tender within 15 days by Republic of Texas Savings Association of a supersedeas bond in the amount of $400,000, our judgment will be suspended and superseded pending application for writ of error to the supreme court. If writ of error is granted, our judgment is to be suspended until the supreme court has exercised its power of review.

Our original judgment is modified so as to dissolve the temporary injunction as it applies both to Great American Mortgage Investors and to Liberty Bank. Upon filing by Republic of a supersedeas bond in the amount of $400,000, the effect of this judgment is to be suspended until final action by the Supreme Court of Texas.