RYAN MORTGAGE INVESTORS et
al., Appellants,

v.

BERTON LAND DEVELOPMENT
CORPORATION et al., Appellees.

No. 7962.

Court of Civil Appeals of Texas,
Beaumont.

Aug. 1, 1977.
Rehearing Denied Aug. 29, 1977.

Stanford Harrell, Fort Worth, for appellants.

Benton Musslewhite, Houston, for appellees.

KEITH, Justice.

We are called upon again to review two interlocutory orders which (a) overruled defendants' plea of privilege and (b) granted a temporary injunction restraining defendants from foreclosing a deed of trust covering certain lands in Montgomery County. We faced similar appeals involving the same note and lien in *Ryan Mortgage Investors v. Lehmann,* 544 S.W.2d 456 (Tex. Civ.App.—Beaumont 1976, writ dism'd), to which we refer.[1] After consideration of the record in *Lehmann,* we dissolved the temporary injunction, vacated the order overruling defendant's plea of privilege, and ordered the case transferred to Tarrant County.

We will enter the same order in this appeal for the reasons now to be stated.

Defendants filed their plea of privilege to be sued in Tarrant County and answered subject thereto. Plaintiffs filed their controverting affidavit invoking *subdivisions*

14, 7, 5, 23, 27, 29a, 9, and 9a, art. 1995 (1964). Subject to their plea of privilege, defendants answered by special exceptions, pleas of res judicata, and other pleas in bar. At the conclusion of the hearing, the trial court overruled the plea of privilege and entered a temporary injunction restraining defendants from foreclosing their lien upon the land. Defendants have perfected their appeal from the two orders, and we will dispose of both interlocutory appeals in this single opinion.

The trial court filed extensive findings of fact and conclusions of law which plaintiffs insist are controlling on this appeal. We disagree. We have a complete statement of facts buttressed by a plethora of written exhibits offered by the parties. As we said in *Stephenson v. Perlitz,* 537 S.W.2d 287, 289 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.):

"Findings of fact are not conclusive on appeal when, as in this case, a statement of facts appears in the record. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Rosetta v. Rosetta,* 525 S.W.2d 255, 260 (Tex.Civ.App.—Tyler 1975, no writ)."

Defendants argue under their first point of error that the trial court erred in granting the temporary injunction restraining the foreclosure of the deed of trust lien because their plea of res judicata conclusively established a defense to plaintiffs' contentions.

Defendants proved upon the trial of this cause that on October 9, 1974, the District Court of Montgomery County, in Cause No. 26,630, entered its final judgment granting the defendant and cross-plaintiff therein [Ryan Mortgage] a permanent injunction reading in part as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Berton Land Development Corporation, its officers, directors, agents, servants and shareholders, be, and they hereby are,

---

1. The *Lehmann Case,* which will be so referred to hereinafter, bore the trial court number 27,947 while the trial court number of this cause was 27,947–A, and plaintiffs' trial court pleadings in this case adopted the *Lehmann* pleading even to the extent of attaching a copy thereof.

perpetually enjoined and restrained from interfering with the quiet and peaceful ownership of PMN, Inc., to the property herein involved, . . . and Berton Land Development Corporation, its officers, directors, agents, servants and shareholders are further perpetually enjoined and restrained from interfering, enjoining, or in any manner disturbing the exercise by Ryan Mortgage Investors of its rights to post notices of trustee's sale or foreclose its deed of trust lien on such property."

■ This was an agreed order approved by counsel for Berton as well as Benton Musslewhite who signed it "Individually and as Officer and Shareholder of BERTON LAND DEVELOPMENT CORPORATION." It is conceded that the earlier suit involved the same note, lien, and land involved in this suit. The earlier suit [26,630] was verified by the affidavit of Benton Musslewhite, "an officer of Plaintiff corporations" and Newton B. Schwartz was counsel for the plaintiffs. Berton, Schwartz, and Musslewhite are parties to the present suit. Musslewhite was lead counsel *and* witness in the hearings below,[2] and Schwartz identified himself as a stockholder as well as a former officer and director of Berton.

It is obvious from even a casual review of the pleadings in the two cases that the concurrence of the four conditions necessary for the invocation of the doctrine of res judicata as set out in *Philipowski v. Spencer,* 63 Tex. 604, 607 (1885), were shown.

The attorneys participating in the earlier litigation were bound by the terms of the injunction. *Ex parte Browne,* 543 S.W.2d 82, 85 (Tex.1976). The stockholders were likewise bound by the earlier judgment. *Western Inn Corporation v. Heyl,* 452 S.W.2d 752, 760 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.).

■ This final judgment by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. The rule of res judicata bars future litigation of all issues connected with the cause of action or defense. *Abbott Laboratories v. Garvis,* 470 S.W.2d 639, 642 (Tex. 1971). See also, Steakley & Howell, "Ruminations on Res Judicata", *28 Sw.L.J. 355 (1974),* and authorities therein cited.

■ Plaintiffs have attacked this judgment upon several grounds, one of which is that it was a consent judgment—one entered into by agreement of the parties. There is no merit to the contention. There are many decisions which support the rule announced in *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 239 (1961), where the Court said: "[A] consent judgment has the same degree of finality and binding force as does one rendered by the court at the conclusion of an adversary proceeding." The Court, in *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956), held that such a consent judgment has neither less nor greater force or effect than one rendered after protracted litigation, " 'except to the extent that the consent excuses error and operates to end all controversy between the parties.' "

A final judgment—by consent or after a lengthy contest—is intended to be the end of controversy and trial, and not the starting point for new litigation for the purpose of reexamining the questions theretofore decided. *Harrison v. Manvel Oil Co.,* 142 Tex. 669, 180 S.W.2d 909, 914 (1944). See also, *Schwartz v. Jefferson,* 520 S.W.2d 881, 887 (Tex.1975); *Peddicord v. Peddicord,* 522 S.W.2d 266, 268 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e., concurring opinion); Annotation, *2 A.L.R.2d 514, "Consent Judgment as Res Judicata" (1948).*

■ Upon the final day of the hearing on the interlocutory matters, plaintiffs, for the

---

**2.** Musslewhite was the leading lawyer for plaintiffs and was likewise the leading witness upon the hearing below. Our record discloses beyond peradventure of a doubt that he has been involved in the litigation for years. See in this connection State Bar Disciplinary Rules DR 5–101, 102 [*Vol. 1A, Tex. Rev.Civ.Stats., Title 14 App., Art. 12, § 8 (1973)*].

first time, replied to the defendants' pleas of res judicata. This was done in the form of a trial amendment which was long and verbose. The essence of the pleading, however, tendered the issue of fraud by acts or statements which prevented a real litigation or a fair hearing on the claims of the plaintiffs. See *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940); *Alexander v. Hagedorn*, 148 Tex. 565, 266 S.W.2d 996 (1950); *Bankston v. Bankston*, 251 S.W.2d 768, 772 (Tex.Civ.App.—Dallas 1952, no writ); *Bell v. Bell*, 434 S.W.2d 699, 701 (Tex.Civ.App.—Beaumont 1968, writ ref'd n. r. e.).

Such an attack constitutes an impermissible collateral attack upon a final judgment. See authorities discussed in the concurring opinion in *Peddicord v. Peddicord, supra*.

■ At the time of the filing of such trial amendment, defendants had a plea of privilege pending which had not been ruled upon. When the plaintiffs filed such trial amendment, belatedly setting up some type of defense to the plea of res judicata, their controverting plea of privilege was already on file and made no mention, of course, of the matters alleged in the trial amendment. Until set aside by a court of competent jurisdiction, defendants' plea of res judicata conclusively established the non-existence of a cause of action by plaintiffs against defendants.

■ Thus, plaintiffs failed to plead in their *controverting plea* the facts which would have sustained venue in the county of suit. Thus, the matter was not properly before the trial court and cannot be used to sustain the order overruling the plea of privilege. See the many authorities discussed in *Leonard v. Maxwell*, 365 S.W.2d 340 (Tex.1963). See also, *Wilson's Pharmacy, Inc. v. Behrens Drug Company*, 494 S.W.2d 161 (Tex.1973); *Madeley v. Oualline*, 449 S.W.2d 352 (Tex.Civ.App.—Beaumont 1969, no writ).

■ Even though the trial amendment was on file, the court was not permitted to consider it upon the venue hearing, but was confined to the facts stated in the contro-

verting plea, either directly or by incorporation. *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688, 689 (1943); *Madeley v. Oualline, supra* (449 S.W.2d at 354).

It was error, consequently, for the trial court to overrule the plea of privilege filed by Ryan Mortgage. Defendants' second point of error is sustained.

The existence of the final judgment also mandates the reversal of the judgment granting the temporary injunction. Chief Justice Calvert stated the rule applicable in *Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 219 (Tex.1968):

"The basic issue to be tried [on the hearing of an application for a temporary injunction] is the probable right of the applicant to a permanent injunction when *all* defenses made by the pleadings are considered." (emphasis in original)

■ With the doctrine of res judicata standing as a complete bar to further prosecution of their case, the plaintiffs have not shown any probable right to a permanent injunction; indeed, the contrary has been shown beyond question. Moreover, as noted in *Great American Mortgage Investors v. Republic of Texas Savings Ass'n*, 538 S.W.2d 146, 148 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ), we find nothing in this record which indicates that Berton's legal remedy will not adequately compensate it if Ryan conducts the same fraudulently or unreasonably. Berton will still have its opportunity to establish upon the trial its alleged cause of action. Since there was no showing of the absence of a clear, full and adequate relief at law, the temporary injunction was erroneously granted and is now dissolved.

REVERSED and RENDERED; the temporary injunction is dissolved, and the cause is transferred to a district court in Tarrant County.

DIES, Chief Justice, dissenting.

With respect, I dissent. The trial court had before him probative evidence that Berton entered into the deed of trust with Ryan only on the assurance by Ryan that it

would and could finance the development of the some 1500 acres on Lake Conroe; that at that time it knew it could not and would not carry this out; to Berton's damage. The representation was made in Montgomery County. Under these circumstances venue was properly laid in Montgomery County under *Tex.Rev.Civ.Stat. art. 1995 § 7 (1964)*. See "Survey of Texas Law for the Year 1948", *3 Sw.L.J. 386 (1949)*; *McDonald v. Peebles*, 267 S.W.2d 476 (Tex.Civ.App.—Austin 1954, no writ); *Tex. Employers Ins. Ass'n v. Kelly*, 261 S.W.2d 480 (Tex.Civ.App.—Galveston 1953, no writ); *Neon Signs & Service v. Hill*, 251 S.W.2d 570 (Tex.Civ.App.—Galveston 1952, no writ). See also *Custom Leasing Inc. v. Texas Bank & T. Co. of Dallas*, 516 S.W.2d 138, 143–144 (Tex.1974).

With respect to the judgment of October 9, 1974 (discussed and quoted in the majority opinion) the court had evidence before him from which he could infer that Berton and Ryan agreed to this for the purpose of finding a new investor for the development plan. The trial court also heard evidence from which he could infer that not only did Ryan fail to cooperate in this task but probably prevented it. Under these circumstances, the court was authorized to grant relief under the bill of review. See *34 Tex.Jur.2d, Judgments, § 188 et seq. at 19 (1962)*, and authorities cited. Such authority rests largely in the discretion of the trial court and is not disturbed in the absence of abuse. See *34 Tex.Jur.2d, Judgments, § 193 at 28 (1962)*, and authorities cited.

At any rate, if this dissent be incorrect as to the venue question, I see no reason to dissolve the temporary injunction, and much reason not to. The record reflects Berton has unsecured creditors. It also shows the land in question is far greater in value than Berton's debt. Therefore, if Ryan prevails in a trial on the merits, preventing foreclosure until the outcome on the merits can do Ryan no harm. On the other hand, continuing in force the temporary injunction will protect the unsecured creditors until the case is concluded on its merits. See *Great Am. Mtg. Inv. v. Republic of Texas Sav. Ass'n*, 538 S.W.2d 146, 148 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ) (on Motion for Rehearing).