## PELTON v. POWELL.
### No. 14762.

Court of Civil Appeals of Texas.
Fort Worth.
June 14, 1946.

Rehearing Denied July 12, 1946.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellant.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, for appellee. ·

McDONALD, Chief Justice.

In view of the arguments contained in appellant's motion for rehearing, we have concluded to withdraw our original opinion, and to state more fully our reasons for affirming the judgment of the court below.

This is an appeal from an order sustaining a plea of privilege.

The appellant and others sued the appellee Powell and others in one of the district courts of Tarrant County. Powell, a resident of Smith County, filed a plea of privilege to remove the case to Smith County. Appellant filed a controverting affidavit on January 25, 1946, alleging as grounds for maintaining venue in Tarrant County that three named defendants resided in Tarrant County, that a named corporate defendant had its principal office and place of business in Tarrant County, and that venue was maintainable in Tarrant County under subdivision 4 of Article 1995 of the Revised Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 4. The controverting affidavit also alleged that venue was maintainable in Tarrant County under subdivisions 7 and 9 of the statute because, quoting from the controverting affidavit, "as shown by the allegations in plaintiffs' petition, to which reference is made a part

hereof for all purposes, the defendants herein are sued on a conspiracy and fraud jointly, committed in Tarrant County, Texas. * * *"

The transcript filed in this court does not contain plaintiffs' original petition, but does contain plaintiffs' first amended petition, which was filed on February 15, 1946, the day on which the court heard the venue matter and entered its order sustaining the plea of privilege and transferring the case against the appellee Powell to Smith County.

■ Under the first point of error appellant charges that the court erred in requiring plaintiffs to prove a cause of action against the nonresident Powell, and in sustaining the plea of privilege on the theory that plaintiffs had not shown a cause of action against the nonresident defendant. This point of error is based on the idea that venue was maintainable in Tarrant County under section 4 of Article 1995. The rule of law cited by appellant is sound, under Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, but, when applied to the record before us, does not require a reversal of the order sustaining the plea of privilege. In the first place, it is doubtful if appellant has brought here a record from which we can determine what issues were before the court in the venue hearing. The controverting affidavit incorporates the original petition by reference. On the day of the venue hearing plaintiffs filed an amended petition, and have not brought the original petition up in the transcript. The amended petition was not incorporated in the controverting affidavit, and had no place in the venue hearing. Plaintiffs did not attempt to amend their controverting affidavit, and did not in any manner verify the allegations contained in their amended petition. The only venue issues presented by the pleadings of the parties are those set up in the plea of privilege, and in the controverting affidavit which incorporates the original petition. In determining whether a cause of action is alleged such as will sustain venue under subdivision 4 we must in this case look to the controverting affidavit and to the original, not the amended, petition.

From the statements made by the parties in their briefs, and from the allegations of the amended petition, it is apparent that the cause of action alleged in the amended petition is substantially different from that alleged in the original petition. But, as we have said, we cannot look to the amended petition to determine whether plaintiffs alleged such a cause of action against appellee as will sustain venue in Tarrant County under subdivision 4. For a case where somewhat the same problem was presented, see Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333.

But if we overlook the procedural problem just discussed, and accept for the sake of argument that the allegations in the original petition and those in the amended petition are substantially the same in so far as they bear on the venue question, we nevertheless must affirm the judgment sustaining the plea of privilege.

■ The petition, as we construe it, seeks in the main two separate items of relief. First, appellant seeks to set aside recent elections of corporate officers and directors on the ground that the defendant Powell fraudulently acquired stock in the corporation, and fraudulently obtained proxies from other stockholders, for the purpose of controlling the election of officers and directors. We find no proof of any wrongful action, or fraud, on the part of Powell or the other defendants in this respect. In fact, the petition does not appear to seek any relief as against Powell on this score. Powell was not elected as either an officer or a director, and the petition does not seek to oust Powell as an officer or director. In so far as venue was sought to be maintained in Tarrant County under subdivisions 7 or 9, the burden was upon appellant to show Powell guilty of a fraud or a crime or trespass, committed in Tarrant County.

■ Petition also alleges that defendants, without naming them, misappropriated corporate funds, and seeks an accounting as to such funds. But at the trial of the plea of privilege appellant declared to the court that the petition did not allege that Powell was connected with such misappropriation of funds. Appellant com-

plains because the court did not permit him to develop proof as to the cause of action asserted against the Tarrant County defendants in this count of the petition. Venue could not be maintained as against Powell, even if a cause of action had been proved against the Tarrant County residents, where it was not alleged that Powell was connected with such cause of action.

There being no proof of any cause of action against Powell which would maintain venue in Tarrant County under Sections 7 or 9, and there being no proof, nor any attempt at proof, of a cause of action against Tarrant County defendants with which Powell was connected by the allegations of the petition, the judgment sustaining the plea of privilege should be affirmed.

We adhere to our judgment affirming the judgment of the trial court, and overrule appellant's motion for rehearing.