## SWISHER CREAMERY, Inc. v. WATKINS et al.

### No. 6182.

Court of Civil Appeals of Texas. Amarillo.
Nov. 12, 1951.

968

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Carter, Stiernberg, Blanton & Skaggs, Harlingen, for appellees.

PITTS, Chief Justice.

This is a venue action growing out of three separate suits originally filed by appellees, E. K. Watkins et ux., G. L. Watkins and J. T. Felker et al., against the same defendant, Swisher Creamery, Incorporated, appellant, each appellee claiming damages by reason of alleged injuries sustained as a result of a collision between an automobile occupied by appellees and a truck operated by appellant's agent. Appellant filed its plea of privilege in each case claiming venue in Swisher County, Texas, and seeking to have each case transferred to the said County as the place of its alleged residence. Each appellee seasonably filed and presented his controverting plea seeking to maintain venue in Hale County under the provisions of Exception 9 of Article 1995, Vernon's Annotated Civil Statutes. Because of the similarity of the issues raised in the three cases by the pleadings and the fact that the evidence to be offered in support thereof would be substantially the same in each case the three venue actions by agreement of the parties were consolidated by the trial court and tried together as heretofore styled.

The actions were tried by the court without a jury and each plea of privilege was overruled by order of the court and appeals were perfected to this court upon one and the same record. Appellant predicates its appeal upon a charge that the record is devoid of any pleadings that would support the trial court's judgment and that the record is therefore devoid of any admissible evidence that would sustain the trial court's findings in support of its judgment.

Before passing on these matters however we must first consider appellees' verified motion to strike the transcript from the record and dismiss the appeal because of appellant's alleged failure to comply with the provisions of Rule 376 of the Texas Rules of Civil Procedure, which motion was passed by this Court at the time it was tendered to be considered together with the merits of the action on appeal.

The said rule requires the preparation of a transcript by the clerk of the trial court under the written direction of appellant who is likewise required to deliver or send by mail a copy of the written direction promptly to appellee or his attorney as well as to file such written direction with the said clerk to be included in the transcript. The said rule also requires the transcript to include all material pleadings upon which the trial was had unless otherwise agreed upon by the parties. In their motion appellees charge that no copy of written direction for the preparation of the transcript in this case was delivered or sent to them or their attorneys by appellant and that no such written direction was included in the transcript as required by the said rule. They further charge that they had no knowledge of what instruments were contained in the transcript in this action until August 27, 1951, when they procured from this court the transcript which appears to have been filed in this court on June 13, 1951. Appellees further charge that an examination by them of the said transcript when they received it revealed that the contents of their First Amended Original Petition filed in each original suit and expressly adopted and made a part of their controverting pleas filed in each venue action herein consolidated had been omitted from the transcript, although such was a material pleading in this action.

One of the purposes of requiring appellant to promptly furnish appellee a copy of the written direction for a transcript is to apprise appellee of the time the request for a transcript is being made and of the in-

struments requested to be therein contained in order that appellee may supplement appellant's request for the inclusion of additional instruments if appellee considers such additional instruments material and necessary.

Appellant does not challenge or seek to refute the charges made by appellees in their verified motion and there is nothing in the record that would indicate that the charges made by appellees were not true. The provisions of Rule 376 should be complied with in every instance and appellant's failure to furnish appellees or their attorneys a copy of its written direction for a transcript in this action placed appellees at a very great disadvantage since all of appellees and their counsel, according to the record, resided in either Hidalgo County, Texas, or in Cameron County, Texas, and in either event across the state and several hundred miles from where the alleged collision occurred and the original suits were filed. Appellant's failure to comply with the provisions of Rule 376, as charged by appellees, was error but we are not inclined to strike the original transcript and dismiss the appeal inasmuch as appellees in the alternative, as set out in their motion, asked leave to file a supplemental transcript which contains copies of their First Amended Original Petitions, considered by us to be material pleadings because such were incorporated in appellees' controverting affidavits by designation and made a part thereof. For that obvious reason the alternative part of appellees' motion has been sustained and the supplemental transcript has been ordered filed in order that this court may have before it all of the material pleadings needed in passing on the issues raised.

In their First Amended Original Petitions appellees pleaded that appellant's agent, servant and employee, who operated appellant's truck at the time and place the same was in collision with their motor vehicle, was guilty of numerous acts of negligence, some of which were alleged to have been active or affirmative while others were alleged to have been in violation of the laws of Texas. They further alleged that the acts of negligence by appellant's agent constituted an act of trespass which proximately caused the collision of the motor vehicles that resulted in the injuries sustained by appellees by reason of which they were damaged. In their controverting affidavits appellees specifically incorporated by designation all of their First Amended Original Petitions therein and made them a part thereof for every intent and purpose. They further therein pleaded, in effect, that appellant's truck driver was guilty of active trespass and also violated the Texas Criminal Statutes while operating the said truck at the said place and time of the collision by crossing over the center line of the highway to his left and into the path of appellees' moving automobile without giving any signal of his intentions so to do and by then pulling his truck back to his right and into the right-hand lane of the highway where he stopped his truck suddenly in front of appellees' moving automobile without giving any signal or warning of his intentions so to do.

According to the record appellant did not except to appellees' pleadings set out in their controverting affidavits or complain about them by motion or otherwise prior to the trial in the trial court. At the time appellees offered their evidence in support of the issues raised, appellant did then object to its introduction in a general way on the grounds that there were no pleadings to support the evidence and it moved later by oral motion to exclude the evidence on the same grounds but it did nothing more. Appellant further charged in its brief that, "the record is devoid of any admissible evidence that would sustain a finding by the trial court" in support of its judgment. Such a charge is based principally, if not wholly, upon the grounds that there were no pleadings to support the evidence. In connection with such a complaint appellant charges further in its brief that appellees each filed a Second Amended Original Petition without amending their controverting affidavits by including the same therein. But the record reveals that such Second Amended Original Petitions were filed by

appellees some weeks after they had filed their controverting affidavits and only a short time before the venue issues were heard. A careful examination reveals that the latter pleadings did not materially change any part of appellees' alleged cause of action pleaded by them in their First Amended Original Petitions filed and made a part of their controverting affidavits. In fact, the alleged acts of negligence are the same and such is particularly true of the alleged acts of negligence that would constitute an alleged active trespass as well as a violation of the Criminal Statutes of Texas relied on here by appellees as a basis for holding venue in Hale County.

■ The case of Chapman v. First Nat. Bank of Wellington, Tex.Civ.App., 221 S.W.2d 318, cited and relied on by appellant is distinguishable from the instant case. That case involved a suit on two notes. There was a variance between the maturity dates pleaded and those shown on the face of the notes offered in evidence. Amended pleadings correcting such a variance in that case constituted material changes made in the pleadings. Such a material change of pleadings does not exist in the case at bar and the rules of law announced in the Chapman case do not apply to the pleadings and factual situation presented in the case at bar.

In this action the uncontradicted evidence reveals that appellees were all riding in an automobile operated by appellee, J. T. Felker, on U. S. Highway 87 in Hale County about 10:00 a. m. o'clock on October 29, 1950, when their automobile was in collision with appellant's truck being then operated by appellant's agent, L. L. McNutt, while he was employed by appellant and then engaged within the scope of his employment; that both motor vehicles were travelling north on the said highway when appellees, after sounding the horn on their automobile, tried to pass appellant's truck at a place where the country was level, nobody's view was obstructed and there was room to pass the truck and at a time when no other motor vehicles were near them; that without giving any signal appellant's truck operator pulled his truck over to his left and across the center line of the highway in front of and in the path of appellees' automobile; that appellees pulled their automobile back to the right and remained in their right-hand lane of the highway when appellant's truck driver without any warning or signal likewise pulled his truck immediately back to the right-hand lane of the highway and without warning suddenly stopped his truck in the path of appellees' moving automobile, which resulted in the collision that caused the injuries and damages.

■ The issues here to be determined are whether or not the negligence of appellant's agent was the proximate cause of the collision that resulted in the injuries and damages and whether or not such acts of appellant's agent, if true, constituted an active trespass or a violation of the Criminal Statutes. It must be presumed that the trial court made affirmative findings to each of these issues in support of its judgment and it is our opinion that there is sufficient evidence of probative force to support the trial court's affirmative answers to each of such issues. Starnes v. Sumners, Tex.Civ.App., 239 S.W.2d 880, and other authorities there cited.

■ It is also our opinion that appellees' pleadings and the evidence heard are sufficient to sustain the judgment of the trial court. Pelton v. Powell, Tex.Civ.App., 196 S.W.2d 46; Jones v. Ford, Tex.Civ. App., 118 S.W.2d 333; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. For the reasons stated appellant's points to the contrary are overruled and the judgment of the trial court is affirmed.