**B. L. SATTERWHITE & CO., Appellant,**

**v.**

**Mrs. Ida Mae EARDLEY et vir, Appellees.**

**No. 13011.**

Court of Civil Appeals of Texas.

Galveston.

Oct. 11, 1956.

Rehearing Denied Nov. 1, 1956.

Adams & Price and William H. Price, Crockett, for appellant.

Bates & Cartwright and Ralph K. Miller, Houston, for appellees.

GANNON, Justice.

This is a motor vehicle collision, personal injury case brought by Mrs. Eardley and husband against B. L. Satterwhite & Co., a partnership, and George Arthur Cobb, the operator of the Satterwhite vehicle and an employee-truck driver of the defendant partnership. The plaintiffs are residents of Trinity County; the defendants are residents of Houston County.

The suit was brought in the District Court of Trinity County. The record fails to show service upon or appearance by the defendant, George Arthur Cobb, and he is not involved in this appeal.

The defendant, B. L. Satterwhite & Co., alleged to be a partnership, timely filed its statutory plea of privilege to be sued in Houston County, the county of the residence of such defendant. Plaintiffs seasonably filed a controverting affidavit, incorporating as a part thereof the allegations of their original petition and relying for maintenance of venue in Trinity County on Article 1995, Subsections 9 and 9a, Vernon's Ann.Civ.St. regulating venue in the case of a suit based upon a crime, offense or trespass, and further providing that suits based upon actionable negligence, whether active or passive, may be brought in the county where the act or omission constituting negligence occurred.

A hearing on the plea of privilege of defendant Satterwhite & Co. was had on the 29th day of February, 1956, before the court without a jury. Considerable evidence was introduced at the hearing, following which the court entered its order overruling the plea of privilege of Satterwhite & Co. The appeal is from that interlocutory order. There are no findings

of fact or conclusions of law, nor were any requested.

The record shows that plaintiffs' original petition was filed December 8, 1955. The plea of privilege was filed December 29, 1955, and later amended on February 2, 1956. Plaintiffs' controverting affidavit was filed January 4, 1956. As stated, this incorporated all the allegations of plaintiffs' original petition. Later, on February 4, 1956, plaintiffs filed a first amended original petition, but never filed any amendment to the controverting affidavit. At the hearing held on March 10, 1956, plaintiffs were permitted, over the objections of defendant, to introduce the first amended original petition in evidence.

Defendants, Satterwhite & Co., seek reversal of the order overruling the plea of privilege on three points of error, as follows:

"First Point: There being no allegations in support of Appellee's Controverting Affidavit, the Trial Court erred in admitting any evidence in support thereof.

"Second Point: The Trial Court erred in admitting into evidence, over Appellant's objection, Plaintiff's First Amended Original Petition for the purpose of showing the allegations contained therein in support of the Controverting Affidavit.

"Third Point: Appellee having failed to offer evidence sufficient to show that a crime, offense or trespass was committed by Appellant in Trinity County, Texas, or that any acts of Defendant were negligent, the Trial Court erred in overruling Appellant's plea of privilege."

■ We do not understand that appellants are still seriously urging their first point. In our opinion, the point is manifestly insupportable in the light of the following court rules and authorities

brought to our attention by appellees: Texas Rules of Civil Procedure, Rules 1, 58, and 65; Pelton v. Powell, Tex.Civ.App., 196 S.W.2d 46; Jones v. Ford, Tex.Civ. App., 118 S.W.2d 333; Swisher Creamery, Inc., v. Watkins, Tex.Civ.App., 245 S.W.2d 967; McDonald's Texas Civil Practice, Vol. 1, page 451; Hill v. Hill, Tex.Civ.App., 205 S.W.2d 82; Fielder v. Parker, Tex.Civ. App., 119 S.W.2d 1089.

■ As to appellant's second point—we agree it would be altogether unnecessary and perhaps even improper to admit in evidence in whole or in part the controverting affidavit or any pleading claimed to be a part thereof. Certainly under the circumstances of this record the amended pleading was erroneously admitted in evidence; however, since the trial was before the court without a jury and since, in our opinion, the result reached is amply supported by proper pleadings and sufficient supporting evidence, which will be hereinafter succinctly stated, we hold the error to be harmless.

■ Coming now to appellant's third point which, in brief, is the insufficiency of the evidence to support the trial court's implied finding of actionable negligence in one or more of the particulars alleged by the controverting affidavit—we outline the material facts inferable from the testimony at the hearing, which was that of appellee, Mrs. Eardley, and appellant's truck driver, George Arthur Cobb. The appellant concedes that on the occasion in question in operating its truck Cobb was acting within the scope of his employment by, and in the furtherance of the business of, appellant.

The accident occurred in Trinity County on a public highway referred to in the testimony of Mrs. Eardley as Highway 45 and in that of Cobb as Highway 287. Mrs. Eardley was proceeding south on her own righthand side of the concrete highway, which was of average width, driving a pick-up truck which was pulling a trailer upon which was loaded a double disk cultivator. Defendant's Chevrolet tractor, pulling a Fruehauf trailer, was proceeding on the highway in the same direction, approaching the Eardley vehicle from the rear and overtaking it at a speed of about 35 miles per hour. Defendant's truck driver desired to pass the Eardley vehicle. While still somewhat to the rear of the Eardley vehicle, defendant's truck driver pulled toward his lefthand side of the highway and increased the speed of appellant's truck and trailer. At the time, the vehicles were in a valley. While defendant's truck and trailer was attempting to overtake and pass the Eardley vehicle, defendant's truck driver saw another car approaching over a hill a short distance to the south, coming from the opposite direction and proceeding northerly. Feeling he would not have sufficient time and space safely to pass the Eardley vehicle on its left, Cobb applied his brakes and cut back sharply to his right. The speed of the defendant's truck and trailer was such that even with the application of the brakes it could not be stopped until after it had overtaken the Eardley vehicle, but on the righthand side of the latter and was run into a borrow pit, or ditch, on the righthand, or west side, of the highway. In the movement the left rear wheel of the defendant's trailer unit struck some part of the Eardley trailer or its load. Apparently the suddenness with which the appellant's truck driver applied his brakes, taken in connection with his speed and his effort to swing back to the right onto the shoulder of the road so as to prevent an even more serious rear end collision, caused the trailer to jackknife. At the time Cobb turned back to his right, defendant's truck and trailer was so close to the rear of the Eardley vehicle that contact with it could not be, or, at any rate, was not, avoided.

The controverting affidavit set up the following allegations of actionable negligence and discovered peril. We quote:

"1. In following more closely behind Mrs. Eardley than would have a

reasonably prudent person in the exercise of ordinary care under the same or similar circumstances, in violation of law.

"2. In failing to maintain a proper lookout for vehicles ahead of him.

"3. In failing to maintain proper control over the truck and trailer unit he was operating.

"4. In failing to turn to the left or to the right in time so as to avoid colliding with the rear end of the trailer being pulled by Mrs. Eardley.

"5. In failing to properly apply the brakes to the truck-trailer unit he was driving.

"6. In operating the truck-trailer unit in question which was equipped with defective brakes.

"7. In driving the truck-trailer unit he was operating at a speed faster than a person of ordinary prudence in the exercise of ordinary care would have under the same or similar circumstances.

"8. In that Mrs. Eardley and the pickup truck she was operating were in a position of peril in the path of defendant's oncoming truck, which position of peril was discovered by defendant's employee, who realized that she could not and in reasonable probability would not be able to extricate herself from such position of peril, such discovery and realization on the part of the defendant's employee being made at a time and distance sufficient so that in the exercise of ordinary care and with all the means at his command, commensurate with his own safety and the safety of the truck-trailer unit he was operating, he could have avoided the collision in question, all of which he negligently failed to do."

Without further detailing the facts, we are of the clear opinion that they were unquestionably sufficient to support the implied findings by the trial court of actionable negligence in each and all of the following particulars, and perhaps others: lookout, control and speed.

We overrule appellant's third point.

Affirmed.

CODY, J., not sitting.