**MILLER & MILLER AUCTIONEERS, INC.,**
Appellant,

v.

**HILLCREST STATE BANK OF UNI-
VERSITY PARK, Appellee.**

No. 17094.

Court of Civil Appeals of Texas.

Dallas.

June 21, 1968.

Rufus S. Garrett, Jr., of Garrett & Garrett, Ft. Worth, for appellant.

B. B. Bruner, W. R. Sessions, Dallas, for appellee.

BATEMAN, Justice.

The appellant Miller & Miller Auctioneers, Inc., one of numerous defendants named in the petition filed in the district court of Dallas County by appellee Hillcrest State Bank of University Park, filed its plea of privilege to be sued in Tarrant County, where it resides; appellee filed a controverting plea; and the trial court overruled the plea of privilege.

Appellant appeals on two points of error, the first being that appellee's pleadings were insufficient to justify the overruling of the plea of privilege. Appellant's plea of privilege, in proper form, was filed October 3, 1966. The controverting affidavit was filed October 7, 1966 and incorporated therein by reference appellee's first amended original petition. However, this amended petition does not appear in the transcript. On October 28, 1967, appellee's second amended original petition was filed, but the controverting affidavit was not amended.

■ Appellant argues that by filing its second amended original petition the appellee abandoned its prior petitions and is therefore left without sufficient pleadings to justify the court's action in overruling the plea of privilege. Rule 58, Vernon's Texas Rules of Civil Procedure, provides for the adoption of statements in a pleading in another pleading "so long as the pleading containing such statements has not been superseded by an amendment as provided by Rule 65." Rule 65, T.R.C.P., with certain exceptions not applicable here, provides generally that in case of the amendment of a pleading the prior pleading "shall no longer be regarded as a part of the pleading in the record of the cause * * *."

■ However, in the last sentence of its second amended original petition appellee incorporated therein "in full its Plaintiff's Petition First Amended [sic] and all Exhibits thereto and all Exhibits hereto as part hereof in alleging Plaintiff's claims and grounds for relief and the relief prayed for," and argues that it was appellant's duty, since it has the burden of showing error in this court, to bring up the complete

record. We agree with appellee. Appellee made it clear that it was relying on the allegations of both its first and its second amended petitions, as well as its controverting plea, all of which pleadings were verified, and while the practice of incorporating by reference all of the allegations of a prior petition in an amended petition is quite unusual, and not the best practice, we know of no rule which prohibits it. Appellant voiced no objection to it in the trial court. Under these circumstances, it is our view that the prior petition was not an abandoned pleading but was kept "alive" by incorporating its allegations in the later amended petition and in the controverting plea.

■ Since the first amended original petition is not contained in the transcript, we do not know whether it provided adequate pleadings to support the controverting plea and the overruling of the plea of privilege or not. Appellant cannot complain of the insufficiency of appellee's pleadings when it fails to bring us a transcript of all the pertinent pleadings. Therefore, appellant's first point of error is overruled. Pelton v. Powell, 196 S.W.2d 46 (Tex.Civ.App., Fort Worth 1946, no writ); B. L. Satterwhite & Co. v. Eardley, 294 S.W.2d 412 (Tex.Civ.App., Galveston 1956, no writ); Snyder v. Johnson, 237 S.W.2d 740, 743 (Tex.Civ.App., Amarillo 1950, mand. den. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136).

By its second point of error the appellant asserts that the evidence fails to bring the case within certain of the exceptions contained in the various subdivisions of Vernon's Ann.Civ.St. Art. 1995. Appellee claimed to be the holder of a promissory note executed by one Earl W. Nunneley, secured by a chattel mortgage on a large quantity of machinery and other personal property, as well as certain leases of machinery between Nunneley, as lessee, and Auto-Equip Leasing Corporation, lessor, which had been pledged to appellee as collateral security; that pursuant to an agreement with Nunneley the appellant took possession of this and other property and held an auction sale thereof in Lufkin, Angelina County, Texas, which constituted a conversion of appellee's security for its notes. Appellee asserted venue in Dallas County by virtue of Subdivisions 4, 5, 7, 23 and 29a, of Art. 1995, V.A.C.S. The evidence will be discussed with respect to each of these subdivisions.

*Subdivision 4.* For this subdivision to be applicable, it was necessary for appellee to allege a joint cause of action against appellant and one or more of the other defendants residing in Dallas County, or a cause of action against the resident defendant or defendants so intimately connected with the cause of action alleged against appellant that the two might be joined under the rule intended to avoid a multiplicity of suits, and to prove by independent evidence that the appellee had a cause of action as alleged against the resident defendant or defendants. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304 (1936).

The evidence showed that Earl W. Nunneley gave Fruehauf Corporation a promissory not for $500,000 and a chattel mortgage on many items of machinery and other personal property to secure the same; that Fruehauf Corporation assigned this note and mortgage to Transcontinental Leasing Corporation, which in turn assigned the same to appellee as collateral security to its indebtedness to appellee; that Auto-Equip Leasing Corporation was also indebted to appellee and, as security therefor, assigned to appellee certain leases of machinery and other personal property, which Auto-Equip Leasing Corporation had purchased from Nunneley and leased back to him. The evidence further showed that Nunneley, not knowing of the assignments and pledges to appellee, or of its liens on the property, contracted with appellant for the auction sale in question, which sale covered not only the property thus sold, leased and mortgaged, but also other personal property owned by Nunneley. Transcontinental Leasing Corporation and Auto-

Equip Leasing Corporation had notice of this agreement and agreed to the sale. Their president, Scott Walker, testified that appellee also agreed that the sale be held. William M. Miller, president of appellant, testified that appellee made no such agreement with him. Cam S. Dowell, Jr., president of appellee, testified that he had no knowledge of appellee authorizing the sale, although Mr. Liechty, senior vice-president of appellee, told him the sale was to be held and that he, Liechty, was going to attend the sale. Dowell also testified that he agreed with Liechty that the bank (appellee) ought to be represented at the sale of equipment on which it held a mortgage, and that he at no time objected to the holding of the sale.

■ The only evidence we find of any dealings or connections between appellant and any of the other defendants was this contract between appellant and Nunneley, but this does not aid appellee in bringing the case within Subdivision 4, because Nunneley was not a resident of Dallas County. Several of the other defendants were residents of Dallas County, but we find no evidence that can be said to constitute proof that appellee has a cause of action against either of them for any of the damages alleged to have resulted from the alleged wrongdoing of appellant. Therefore, we hold that appellee has failed to establish a right under Subdivision 4 to maintain venue of the suit as to appellant in Dallas County.

■ *Subdivision 5,* providing that if a defendant has contracted in writing to perform an obligation in a particular county he may be sued thereon in that county, is wholly inapplicable here. There is no evidence of any contract whatever between appellant and appellee, much less one in which appellant contracted to perform any obligation in Dallas County.

■ *Subdivision 7,* providing that in cases of fraud suit may be brought in the county where the fraud was committed, is wholly inapplicable here because there was neither pleading nor proof of any fraud perpetrated by appellant on appellee in Dallas County or elsewhere.

■ The pertinent provisions of *Subdivision 23* are that a suit may be brought against a private corporation in the county in which the cause of action or part thereof arose. Appellant is admittedly a private corporation, but cannot be compelled to defend itself in Dallas County because of Subdivision 23. In the first place, there is no evidence that appellant did anything which could be construed as a conversion of any of appellee's property in Dallas County. Appellee claims that its property was converted when the sale was held, but that sale was held in Angelina County. There was evidence that after Nunneley contracted with appellant for the holding of the auction sale, appellant's agents picked up two of the items to be sold which were located in Dallas County. However, it would appear from the evidence that this was with the knowledge and consent of Nunneley, who was entitled to possession of the property, either as owner-mortgagor or as lessee, that neither Nunneley nor appellant knew of appellee's interest in or liens upon the property taken and that appellant's taking of the items was peaceable and in no way violated any duty which appellant may be said to have owed appellee.

Appellee also relies on the fact that the evidence showed that some $33,000 of the proceeds of the sale was paid to another bank, but we find no evidence that this transaction constituted any part of a cause of action accruing, wholly or in part, in Dallas County. The evidence is undisputed that appellee knew in advance that the sale would be held, made no protest thereof but, instead, sent one of its senior vice-presidents to Lufkin to attend the sale; that appellee made no complaint about it until afterwards when it learned that certain fees and expenses of the appellant had been taken out of the proceeds and a substantial sum had been paid to another bank which held a mortgage on some of the property sold. Therefore, we hold that

there was no evidence to support the view that Subdivision 23 would authorize the overruling of appellant's plea of privilege.

Appellee also relies on *Subdivision 29a,* providing that whenever there are two or more defendants and the suit is lawfully maintainable in the county of suit under the provisions of Art. 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. This subdivision is of no avail to appellee.

Subdivision 29a "is never considered alone, but always in conjunction with some other exception of Article 1995." Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, 286 (1939). The phrase "necessary party" as used in Subdivision 29a means one "whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can be thus maintained" in the county of suit under some subdivision other than 29a. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 764 (1956). In other words, the facts must be such that the complete relief to which the plaintiff is entitled as against the party suable in the county of suit "can be obtained only in a suit to which both defendants are parties." Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944). See also Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942).

Appellee made no showing in the trial court, and makes none here, that it had the right to maintain this suit in Dallas County against some other defendant, not a resident of Dallas County, under some exception to the general rule of Art. 1995, V.A.C.S., other than Subdivision 29a, and that it could not obtain the full relief to which it was entitled as against such other defendant without the joinder of appellant. If appellee has a cause of action against any such other defendant, it can be prosecuted as effectively without appellant's presence in the case as with it. Therefore, Subdivision 29a is inapplicable.

The judgment appealed from is reversed and here rendered sustaining the plea of privilege of appellant Miller & Miller Auctioneers, Inc., and transferring the cause as to it to a district court of Tarrant County, Texas.

Reversed and rendered.