**MOODY DAY COMPANY, Inc., Appellant,**

v.

**WESTVIEW NATIONAL BANK, WACO, et al., Appellees.**

No. 4793.

Court of Civil Appeals of Texas.

Waco.

April 24, 1969.

Rehearing Denied May 22, 1969.

Sanders & Nolen, Virgil R. Sanders, Andress, Woodgate & Hartt, Wm. Andress, Jr., Dallas, for appellant.

Naman, Howell, Smith & Chase, Albert Witcher, Waco, John R. Duren, Copperas Cove, for appellees.

## OPINION

HALL, Justice.

Plaintiff-appellee, Westview National Bank, Waco, brought this action in McLennan County against appellee, K. E. Wittie, a resident of Bell County, and appellant, Moody Day Company, Inc., a resident of Dallas County, to recover on a promissory note and foreclose a lien on two portable air compressors securing the note.

Wittie is maker of the note which is payable in McLennan County. All parties concede, and the record shows without dispute, that plaintiff pleaded and proved its cause of action and right to foreclosure of its security agreement against Wittie, and that venue as to Wittie is in the county of suit under subdivision 5 of Article 1995, Vernon's Texas Civil Statutes.

Appellant's plea of privilege was controverted by plaintiff on the theory that appellant, as possessor of the mortgage security, is a necessary party within the meaning of subdivision 29a of Article 1995. Trial was to the court without a jury. The plea of privilege was overruled. Findings of fact and conclusions of law were neither requested nor filed.

By its first two points of error, appellant contends that plaintiff's pleading and proof are not sufficient.

Plaintiff's burden in the trial court was, first to plead in its petition and controverting plea facts which, if true, would show that appellant is a necessary party under subdivision 29a; and then, to prove those facts. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. Contrary to its contentions, plaintiff could not rely on facts pleaded in its controverting plea that were not alleged in its petition, to meet its burden of pleading. 59 Tex.Jur.2d

648, Venue, Sec. 175. Moreover, to meet its burden of pleading or proof, plaintiff could not rely on alleged admissions in an answer which was filed by appellant subject to its plea of privilege. See Fowler v. Davenport, 21 Tex. 626, 627 (1858); Hynes v. Packard, 92 Tex. 44, 45 S.W. 562 (1898).

■ Appellant is a "necessary party" within the meaning of subdivision 29a if the complete relief to which plaintiff is entitled in its action against Wittie cannot be obtained unless appellant is also a party to the suit. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775 (1944). Insofar as "possession" of the security relates to the question of the possessor being a necessary party in a suit to foreclose the mortgage, we believe "the nature of the claim asserted in connection with the possession is controlling," as suggested by dictum in Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107, 110 (1960).

■ Plaintiff incorporated its petition, by adoption, in its controverting plea. Appellant did not except to the allegations of the plea. Therefore, plaintiff is entitled to a liberal construction of its pleadings toward accomplishing their purpose. Rule 90, Texas Rules of Civil Procedure; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50 (1941).

Plaintiff's petition alleges that one of the compressors is in the possession of appellant; that appellant took possession with constructive notice, by recordation, of plaintiff's lien; that appellant "has wrongfully refused plaintiff possession of the same"; and that "plaintiff is entitled to possession of said compressor as against" appellant.

In its security agreement with Wittie, plaintiff expressly reserved all rights and remedies provided it by the Uniform Commercial Code, in the event of default by Wittie. These include the rights of possession and sale of the security. Vernon's Ann.Tex.Business and Commerce Code, Sections 9.503 and 9.504.

Although not alleging the basis of appellant's possession, plaintiff's petition alleges much more than a general interest in, and more than mere possession of, the security by appellant. Fairly and reasonably construed, it alleges that appellant's claim to the property is a possessory interest which is adverse to plaintiff's lien and foreclosure rights and remedies.

If the facts pleaded by plaintiff are true, no effective decree could be entered enforcing the rights which plaintiff has under its security agreement with Wittie unless appellant is a party to the suit. We hold that plaintiff's pleadings are sufficient. Brooks Supply Co. v. First National Bank in Glen Rose, 242 S.W.2d 956 (Tex. Civ.App., 1951, no writ).

It would serve no beneficial purpose to detail the evidence in this opinion. We have considered and weighed all of it. The evidence sufficiently supports implied findings that one of the compressors is in the possession of appellant; that plaintiff had properly recorded its security agreement before appellant took possession of the compressor; that appellant is claiming the compressor as a good faith purchaser for value from Wittie; that it is exercising rights of ownership in the compressor; and that it refuses to deliver the property to plaintiff.

■ Specifically, appellant challenges the sufficiency of the evidence to show that plaintiff cannot satisfy its debt by sale of the other compressor. This complaint raises a matter of marshaling of assets which is not determinative of venue in this case. In any event, the evidence sufficiently supports an implied finding that the second compressor is not available at this time to satisfy plaintiff's debt.

In a foreclosure action by a mortgagee against the mortgagor, a party in possession of the mortgaged property under a claim of purchase from the mortgagor is a

necessary party within the meaning of sub-division 29a. Pioneer Building and Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 (1939).

Appellant's first and second points are overruled.

Wittie filed a cross-claim against appellant alone, for conversion of the compressor. Appellant's plea of privilege to this cross-claim was overruled. Appellant's third point assigns error to this ruling. The point is sustained.

■ A controverting affidavit must allege as necessary venue facts, either directly or by proper incorporation of the plaintiff's petition, sufficient facts upon which the alleged cause of action is sought to be maintained. Leonard v. Maxwell, 365 S.W.2d 340, 344 (Tex., 1963). Wittie's controverting plea is totally lacking in allegations of his cause of action against appellant and is not sufficient to raise an issue of venue.

■ Wittie contends that if appellant is a necessary party to plaintiff's suit, then, both he and appellant being before the court, he has properly asserted his cross-claim under Rules 97(e) and 174(a), Tex. Rules Civ.Proc., and appellant cannot claim its privilege to be sued in the county of its residence on the cross-claim. We do not agree. The rules of civil procedure cannot be construed to extend or limit venue. Rule 816; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951).

The judgment of the trial court over-ruling appellant's plea of privilege to the action of plaintiff, Westview National Bank, Waco, is affirmed. The judgment of the trial court overruling appellant's plea of privilege to the cross-claim of K. E. Wittie is reversed, and judgment is rendered transferring that cause to the District Court of Dallas County, Texas.

Costs of this appeal are taxed one-half to appellant and one-half to appellee, K. E. Wittie.