**A. J. FALCO, Appellant,**

**v.**

**Scott H. TRAIL, Jr., et al., Appellees.**

**No. 521.**

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1970.

Dunnam, Dunnam & Dunnam, Fred Horner, Waco, for appellant.

Jess Rickman, Terrell, for appellee, Scott H. Trail, Jr.

McKAY, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee Scott H. Trail, Jr. originally brought suit in Kaufman County upon a sworn account against appellant A. J. Falco, alleging that he had sold approximately $32,000 worth of gin machinery and equipment to Falco, of which $22,000 was still unpaid. Falco filed a plea of privilege, setting out that he was a resident of Falls County, a general denial, and a counterclaim for some $12,-000. At that point, the Terrell State Bank filed a plea in intervention against both Trail and Falco, alleging that it was the holder of certain past due promissory notes signed by Trail, together with security agreements covering the gin machinery and equipment sold by Trail to Falco. Falco answered with a second plea of privilege and a general denial. Both Trail and the bank filed controverting affidavits, and after a hearing, both pleas of privilege were overruled. No appeal was taken in regard to the intervenor bank. Appeal has only been perfected from the order overruling Falco's plea of privilege to the suit of plaintiff Trail.

Appellee relies upon Sections 4, 5, 7, 29 and 29a of Article 1995, Vernon's Ann. Tex. St., to maintain venue in Kaufman County. However, he has neither alleged nor proved that any of these exceptions apply under the facts of this case.

As pointed out, to begin this litigation, appellee brought suit against appellant on a sworn account, and after appellant filed his plea of privilege, the bank intervened and sued both appellee and appellant. Appellee apparently assumes that the intervenor bank occupies the position of a defendant, being in the same position as appellant, and opposed to appellee, the original plaintiff, or that the intervention of the bank against both Trail and Falco, Trail being a resident, would carry over into and control the plea of privilege Falco filed against Trail. Such is not the case. The only party against whom appellee has alleged a cause of action is Falco. The bank has the status of plaintiff in its intervention suit with both Trail and Falco being defendants. So far as appellee's claim against Falco is concerned, the bank is not a necessary party. Rule 39, Texas Rules of Civil Procedure. There is but one defendant, Falco, to appellee's claim; therefore, subsections 4 and 29a, dealing with two or more defendants, cannot apply.

As to subsection 5, regarding a suit based upon a contract in writing, at no time does appellee allege that his action is anything but a suit upon a sworn account. The only instruments in writing relied upon by any party are the promissory notes and security agreements signed by appellee Trail which form the basis of the bank's intervention. Again, the bank does not occupy the status of a defendant and therefore, subsections 5 and 29a cannot apply.

To deprive the defendant of the right of trial in the county of his domicile, the case against him must be clearly brought within one of the exceptions found in the statute. 59 T.J.2d, Venue, Section 14. A plea of privilege filed according to Rule 86, T.R.C.P., shall be prima facie proof of the defendant's right to change of venue, and in order to raise an issue of venue, appellee's controverting affidavit must allege as necessary venue facts, either directly or by incorporation of the plaintiff's petition, sufficient facts upon which the alleged cause of action is sought to be maintained. Leonard v. Maxwell, 365 S.W.2d 340, 344 (Texas, 1963); Moody Day Company, Inc. v. Westview National Bank, 441 S.W.2d 294 (Tex.Civ.App., Waco, 1969, writ dism.).

Under Rule 58, T.R.C.P., appellee incorporated by reference in his controverting affidavit "the pleadings on file," i. e., appellant's general denial and counterclaim and the intervenor s petition, while specifically excluding his own original petition and his answer to the intervenor's petition. His first amended original petition was not on file at the time his controverting affidavit was sworn to and filed, but rather it was filed some seven days later. The mere filing of the amended petition would not amend the controverting affidavit. Pelton v. Powell, 196 S.W.2d 46 (Tex.Civ.App., Fort Worth, 1946, n.w.h.); Jones v. Ford, 118 S.W.2d 333 (Tex.Civ. App., Fort Worth, 1938, n.w.h.). Therefore the amended petition was not properly before the court on the issue of venue. Fielder v. Parker, 119 S.W.2d 1089 (Tex.

Civ.App., Eastland, 1938, n.w.h.). Appellee, therefore, did not allege in his controverting plea sufficient facts to raise an issue of venue as such controverting affidavit contained no allegations of a cause of action founded in fraud, libel or slander against appellant. Subsections 7 and 29 are not applicable.

Appellee's last contention is that since the venue of the bank's intervention suit was ruled to be in Kaufman County, a ruling from which no appeal was taken, that to avoid a multiplicity of suits, his action against Falco should remain in Kaufman County. The rules of civil procedure cannot be construed to extend or limit venue. Rule 816, T.R.C.P.; Moody Day Company, Inc. v. Westview National Bank, supra.

"The fact that it would be more convenient to try all these cases in one suit and that such would prevent a multiplicity of suits does not control the fact that if Strong (Trail) is to maintain its (his) suit against the steel corporation (Falco) in Stephens (Kaufman) County it (he) must establish a right to do so under some exception to Article 1995. * * *" United States Steel Corporation v. Strong Drilling Company, 272 S.W.2d 791 (Tex.Civ.App., Eastland, 1954, n.w.h.); Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776. The court will not engraft an exception to the general venue statute merely to avoid a multiplicity of suits. Union Bus Lines v. Byrd, supra. Trail's suit against Falco is an independent cause of action, and it is distinct and severable from the bank's suit against both of them. Venue must be tested on the merits of Trail's suit against Falco without regard to the venue of the bank's suit against Trail and Falco. United States Steel Corporation v. Strong Drilling Company, supra.

The judgment of the trial court overruling appellant's plea of privilege to the suit of Scott H. Trail, Jr. is reversed, and judgment is here rendered transferring that cause to the District Court of Falls County, Texas.