James J. WHEAT, Appellant,

v.

Thelma Louise MONTGOMERY et al., Appellees.

No. 6681.

Court of Civil Appeals of Texas, El Paso.

Dec. 28, 1977.

Finley & Scogin, Robert Scogin, Kermit, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Elton Gilliland, Gary C. Riley, Odessa, for appellant.

Calvin W. Wesch, Kermit, G. Bert Smith, Jr., Andrews, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a venue matter involving principally a procedural question where the Plaintiffs filed an amended petition but did not file an amended controverting affidavit. The trial Court overruled the Defendant's plea of privilege. We affirm.

This is a suit for the wrongful death of Donald Montgomery brought by the widow, Thelma Louise Montgomery, and the minor son, James Robert Montgomery. Appellees, as Plaintiffs, filed their original petition and the Appellant, Defendant, filed a plea of privilege and the Plaintiffs responded with a controverting affidavit; Plaintiffs then filed their first amended petition and Defendant filed an amended plea of privilege; Plaintiffs filed no further controverting affidavit but went to trial at the venue hearing on their original controverting affidavit. Defendant contended in the trial Court, and here, that it was necessary for the Plaintiffs to file an amended controverting affidavit following their amended petition and the Defendant's amended plea of privilege. Defendant argues that under Rule 65, Tex.R.Civ.P., when Plaintiffs filed their amended petition, they abandoned their first petition, which was incorporated in their controverting affidavit, and Plaintiffs now have no controverting affidavit to the Defendant's amended plea of privilege. In the absence of the controverting affidavit, they urge that they are entitled to their plea of privilege as a matter of law. Especially, they say, this is true because there was a change of parties in the amended petition of the Plaintiffs. The change of parties argument arises from the fact that in the original petition, the minor son was represented by Martha L. Robinson, as next friend. In the amended petition, he was represented by the same Martha L. Robinson, but in the capacity of guardian of his estate. This does not amount to a change of parties as such, but is a change of capacity in which one party is represented, but in any event it is immaterial as we view the case, as will be discussed.

When Defendant objected to the introduction of any evidence at the venue hearing, the learned trial judge announced that they would proceed to hear evidence under the original plea of privilege and the original controverting affidavit. In that, he announced the correct law. It is well established law that where the Plaintiff makes his original petition a part of the controverting affidavit by reference, thereafter files an amended petition, but not an amended controverting affidavit, the

amended petition is not before the Court on the venue hearing. 1 McDonald, Texas Civil Practice, Venue, Sec. 4.50 (1965); *Danaho Refining Company v. Dietz,* 378 S.W.2d 412 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Wilson's Pharmacy, Inc. v. Behrens Drug Company,* 494 S.W.2d 161 (Tex.1973); *Madeley v. Oualline,* 449 S.W.2d 352 (Tex. Civ.App.—Beaumont 1969, no writ); *Falco v. Trail,* 462 S.W.2d 42 (Tex.Civ.App.—Tyler 1970, no writ); *Ryan Mortgage Investors v. Berton Land Development Corporation,* 556 S.W.2d 361 (Tex.Civ.App.—Beaumont 1977, no writ). In the case before us, Plaintiffs' amended petition was not on file at the time of the filing of their controverting affidavit; under the above authorities, their amended petition was not before the Court at the venue hearing.

■ In any event, the failure to file an amended controverting affidavit is immaterial because the venue facts are the same under both the original and amended petition. 1 McDonald, Texas Civil Practice, supra; *Swisher Creamery v. Watkins,* 245 S.W.2d 967 (Tex.Civ.App.—Amarillo 1951, no writ); *B. L. Satterwhite & Co. v. Eardley,* 294 S.W.2d 412 (Tex.Civ.App.—Galveston 1956, no writ). Also, Plaintiffs' controverting affidavit alleges the venue facts independent of the petition and are sufficient without any reference to the petition.

The Plaintiffs' controverting affidavit alleged that the Defendant was a resident of the county of suit, Winkler County. Our review of the evidence leads to the conclusion that the trial Court properly found that the Defendant was a resident of the county of suit.

■ The plea of privilege and the controverting affidavit constitute the pleadings for the venue trial. Under those pleadings and at that trial, Plaintiffs establish their venue rights; the Plaintiffs' right to recovery depends upon their petition. *Wilson's Pharmacy, Inc. v. Behrens Drug Co.,* supra. Thus, the change in capacity in which one of the Plaintiffs seeks recovery in the case before us is of no consequence in determining venue. See also, *Anders v. Newsom,* 217 S.W.2d 422 (Tex.Civ.App.—Eastland 1949, no writ).

The judgment of the trial Court is affirmed.